Affirmed and Memorandum Opinion filed April 21, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-01058-CV



 

Kimatha Madden, Appellant

V.

Lillian Parrish, Appellee

 



On Appeal from the County Civil
Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 971516



 

MEMORANDUM  OPINION

 

Appellant, Kimatha Madden, appeals the county court
at law’s judgment reversing the justice court’s judgment in her favor.  We affirm.

Background

On April 27, 2010, appellant filed a statement of
claim in justice court alleging that her sister, appellee Lillian Parrish, had
taken property that belonged to appellant.  The justice court issued a judgment
in which it found that appellant was entitled to recover $2500.00 from
appellee.  Appellee appealed the justice court’s decision to the county court
at law for a trial de novo.  On October 18, 2010, the county court at law
signed a take nothing judgment in favor of appellee.  On October 25, 2010,
appellant filed a notice of appeal of the county court’s judgment.  On December
9, 2010, the court reporter for County Civil Court at Law No. 2 filed a letter
with this court stating that no record had been made of the trial in county
court.

Appellant’s
Brief

On January 18, 2011, appellant filed a brief, which
states:

Please consider this letter as Appellant’s brief.  In
appeal of my upcoming court date, I am requesting the court to appeal the last
court hearing.  At this time, I would like to submit more information that was
not presented.  I pray the court will consider information in the last hearing
the Appellant testified with many untrue statements, which I would like prove
by witnesses.  I feel I am truly deserving for reimbursement of all my person
[sic] belongs in which she did destroy, which the first hearing did grant,
$2500.  I would like the opportunity to request the court to total maxium [sic]
amount offered in a small claims court.

 

On January 20, 2011, this court issued an order
stating that appellant’s brief did not substantially comply with Rule 38 of the
Texas Rules of Appellate Procedure.  The court ordered appellant to file an
amended brief that complied with the rule.  On February 9, 2011, appellant
filed an amended brief, which was an exact duplicate of the brief filed January
18, 2011.

Appellate briefs are to be construed
reasonably, yet liberally, so that the right to appellate review is not lost by
waiver.  El Paso Natural Gas v. Minco Oil & Gas, Inc., 8 S.W.3d 309,
316 (Tex. 1999).  Appellate courts should reach the merits of an appeal
whenever reasonably possible.  Verburgt v. Dorner, 959 S.W.2d 615, 616
(Tex. 1997).  Nonetheless, it is the appellant’s burden to properly raise and
discuss the issues presented for review.  See Tex. R. App. P. 38.1(f); Canton-Carter
v. Baylor College of Medicine, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th
Dist.] 2008, no pet.).  “It would be inappropriate for this Court to attempt to
re-draft and articulate what we believe [appellant] may have intended to raise
as error on appeal.”  Valadez v. Avita, 238 S.W.3d 843 845 (Tex. App.—El
Paso 2007, no pet.).  

The Texas Rules of Appellate Procedure control the
required contents and the organization for an appellate brief.  Tex. R. App. P.
38.1.  One of those requirements is that an appellant’s brief must concisely
state all issues or points presented for review.  Tex. R. App. P. 38.1(f).  An
issue presented for appellate review is sufficient if it directs the reviewing
court’s attention to the error about which the complaint is made.  Canton-Carter,
271 S.W.3d at 931.  Appellant’s brief does not meet this requirement as it does
not point out any error allegedly committed by the trial court or attack any
ruling made by the court.  An appellate court has no duty—or even right—to
perform an independent review of the record and applicable law to determine
whether there was error.  Id.  Were we to do so, even on behalf of a pro
se appellant, we would be abandoning our role as neutral adjudicators and become
an advocate for that party.  Valadez, 238 S.W.3d at 845.  

Conclusion

Because appellant’s amended brief fails to comply
with the requirements of Texas Rule of Appellate Procedure 38, she has waived
her issues on appeal.  Valdez, 238 S.W.3d at 845.  The judgment of the
trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Anderson,
Seymore, and McCally.