Affirmed and Memorandum Opinion filed May 26, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00273-CV

___________________

 

VALOTINE A. JOSEPH,
Appellant

 

V.

 

WOODGROVE
CONDOMINIUM ASSOCIATION, Appellee



 



 

On
Appeal from County Civil Court at Law No. 2

Harris County,
Texas



Trial Court Cause No. 950725

 



 

 

MEMORANDUM OPINION

            This appeal is brought from a summary judgment signed
on February 19, 2010.  We affirm.

Background

            The
record reflects Woodgrove Condominium Association (“Woodgrove”) filed an
original petition for forcible detainer against Valotine A. Joseph (“Joseph”)
on September 30, 2009.  A default judgment was granted in favor of Woodgrove by
the Justice Court on October 16, 2009.  Joseph appealed and on February 19,
2010, County Civil Court at Law No. 2 entered summary judgment in favor of
Woodgrove.  Joseph then appealed to this court.

Appellant’s Brief

On December 10, 2010,
appellant filed a brief.  On December 23, 2010, this court issued an order
stating that appellant’s brief did not substantially comply with Rule 38 of the
Texas Rules of Appellate Procedure.  The court ordered appellant to file an
amended brief in compliance with Rule 38.  On February 25, 2011, appellant
filed an amended brief, which also fails to substantially comply with Rule 38. 


Appellate briefs are to
be construed reasonably, yet liberally, so that the right to appellate review
is not lost by waiver.  El Paso Natural Gas v. Minco Oil & Gas, Inc.,
8 S.W.3d 309, 316 (Tex. 1999).  Appellate courts should reach the merits of an
appeal whenever reasonably possible.  Verburgt v. Dorner, 959 S.W.2d
615, 616 (Tex. 1997).  Nonetheless, it is the appellant’s burden to properly
raise and discuss the issues presented for review.  See Tex. R. App. P.
38.1(f); Canton-Carter v. Baylor College of Medicine, 271 S.W.3d 928,
930 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  “It would be inappropriate
for this Court to attempt to re-draft and articulate what we believe
[appellant] may have intended to raise as error on appeal.”  Valadez v.
Avita, 238 S.W.3d 843 845 (Tex. App.—El Paso 2007, no pet.).  

The Texas Rules of
Appellate Procedure control the required contents and the organization for an
appellate brief.  Tex. R. App. P. 38.1.  One of those requirements is that an
appellant’s brief must concisely state all issues or points presented for
review.  Tex. R. App. P. 38.1(f).  An issue presented for appellate review is
sufficient if it directs the reviewing court’s attention to the error about
which the complaint is made. Canton-Carter, 271 S.W.3d at 931.  Appellant’s
brief does not meet this requirement as it does not point out any error
allegedly committed by the trial court or attack any ruling made by the court. 
An appellate court has no duty—or even right—to perform an independent review
of the record and applicable law to determine whether there was error.  Id. 
Were we to do so, even on behalf of a pro se appellant, we would be abandoning
our role as neutral adjudicators and become an advocate for that party.  Valadez,
238 S.W.3d at 845.  

Conclusion

Because appellant’s
amended brief fails to comply with the requirements of Texas Rule of Appellate
Procedure 38, he has waived his issues on appeal.  Valdez, 238 S.W.3d at
845.  The judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

Panel consists of Chief
Justice Hedges and Justices Seymore and Boyce.