**Affirmed and Memorandum Opinion filed October 11, 2011.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-10-00699-CV
_____

**CHIEMENAM AMAECHI, Appellant**

**V.**

**LANCE SEGLER, Appellee**

---

**On Appeal from County Civil Court at Law No. 1**
**Harris County, Texas**
**Trial Court Cause No. 951822**

---

## MEMORANDUM OPINION

This appeal is brought from a judgment signed on July 12, 2010.   We affirm.

### Background

The record reflects Lance Segler filed a small claims petition for damages arising from an automobile-motorcyle accident.   Segler was on a motorcyle and Amaechi was driving an automobile.   A default judgment was granted in favor of Segler by the court on November 3, 2009.   Amaechi appealed and on July 12, 2010, County Civil Court at Law No. 1 entered judgment in favor of Segler.   Amaechi then appealed to this court.

**Appellant's Brief**

On December 20, 2010, appellant filed a brief. On February 24, 2011, this court issued an order stating that appellant's brief did not substantially comply with Rule 38 of the Texas Rules of Appellate Procedure. The court ordered appellant to file an amended brief in compliance with Rule 38. On April 26, 2011, appellant filed an amended brief, which also fails to substantially comply with Rule 38.

Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *El Paso Natural Gas v. Minco Oil & Gas, Inc*., 8 S.W.3d 309, 316 (Tex. 1999). Appellate courts should reach the merits of an appeal whenever reasonably possible. *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). Nonetheless, it is the appellant's burden to properly raise and discuss the issues presented for review. *See* Tex. R. App. P. 38.1(f); *Canton-Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). "It would be inappropriate for this Court to attempt to re-draft and articulate what we believe [appellant] may have intended to raise as error on appeal." *Valadez v. Avita*, 238 S.W.3d 843 845 (Tex. App.—El Paso 2007, no pet.).

The Texas Rules of Appellate Procedure control the required contents and the organization for an appellate brief. Tex. R. App. P. 38.1. One of those requirements is that an appellant's brief must concisely state all issues or points presented for review. Tex. R. App. P. 38.1(f). An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Canton-Carter*, 271 S.W.3d at 931. Appellant's brief does not meet this requirement as it does not point out any error allegedly committed by the trial court or attack any ruling made by the court. An appellate court has no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error. *Id.* Were we to do so, even on behalf of a pro se appellant, we would be abandoning our

role as neutral adjudicators and become an advocate for that party. *Valadez*, 238 S.W.3d at 845.

## Conclusion

Because appellant's amended brief fails to comply with the requirements of Texas Rule of Appellate Procedure 38, he has waived his issues on appeal. *Valdez*, 238 S.W.3d at 845. The judgment of the trial court is affirmed.

PER CURIAM

Panel consists of Chief Justice Hedges, Justices Anderson and Christopher.