**Margie CANTON–CARTER, Appellant**

v.

**BAYLOR COLLEGE OF MEDICINE, Appellee.**

No. 14–07–00351–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 23, 2008.

order acknowledging appellant's non-suit of Dr. O'Brien and dismissing appellant's suit against Dr. O'Brien leaving appellee as the sole defendant in appellant's lawsuit. On February 6, 2007 appellee filed a hybrid no-evidence and traditional motion for summary judgment. The trial court granted appellee's motion without specifying the grounds. This appeal followed.

Margie Canton–Carter, Missouri City, TX, pro se.

Joanna Walker Raynes, Peggy R. Ban, Houston, TX, for appellees.

Panel consists of Justices ANDERSON, FROST and HUDSON.*

## MAJORITY OPINION

JOHN S. ANDERSON, Justice.

*Pro se* appellant, Margie Canton–Carter, appeals the trial court's granting of appellee, Baylor College of Medicine's motion for summary judgment. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed suit against appellee, Dr. Alan Tita, and Dr. Erin L. O'Brien for injuries she allegedly sustained as a result of a hysterectomy performed on July 17, 2002. In May 2005, the trial court granted Dr. Tita's motion for summary judgment and dismissed with prejudice all of appellant's causes of action against Dr. Tita. The trial court eventually signed an order severing appellant's causes of action against Dr. Tita from the original lawsuit. On September 14, 2005 appellant filed her notice of non-suit of Dr. O'Brien. On September 21, 2005, the trial court signed an

### DISCUSSION

The law is well established that *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex.App.-El Paso 2007, no pet.). A *pro se* litigant is required to properly present her case on appeal, just as she is required to properly present her case to the trial court. *Id.* If this were not the rule, *pro se* litigants would benefit from an unfair advantage over those parties who are represented by counsel. *Id.* Therefore, we will not make allowances for, or apply different standards, because a case is presented by a litigant acting without the advice of counsel. *Id.*

It is appellant's burden to discuss her assertions of error. *Id.* An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether there was error. *Id.* In the review of a civil case, an appellate court has no discretion to consider an issue not raised in an appellant's brief. *Id.*

In her amended brief, appellant presents what purport to be eleven issues for appellate review.[1] In her first issue, appellant states: "no informed consent to

---

* Senior Justice Harvey Hudson sitting by assignment.

1. Appellant filed her initial brief on May 22, 2008. She then requested leave to file an amended brief, which was granted. Appellant's amended brief was filed on June 26, 2008.

remove ovaries." In her second issue, appellant contends: "resident physicians, not experienced in major surgery of this nature, followed a medical path for resolution that was not warranted." Appellant's third issue, in its entirety provides: "failure to supervise residents (duty to regulate)." In issue four, appellant contends: "all Baylor residents (non-suited), were served prior to statute of limitations expiring." Appellant's fifth issue states simply: "plaintiff's attorney's withdrawal." Appellant's sixth issue provides: "defendants paid all of plaintiff's medical bills." In her seventh issue, appellant contends the "lower court failed to introduce pertinent evidence/medical records." Next, in issue eight, appellant asserts "all the defendants were timely served about this lawsuit, with return receipts/response letters received from Baylor's Risk Management office, Jan. 30, 2003." In her ninth issue, appellant asserts: "material misrepresentations to plaintiff that raises a cross-point to pass sanctions on plaintiff's former Attorney Martin, and the defendants." Appellant's tenth issue provides, in its entirety: "resolution of plaintiff's claim for indigency." Finally, in an unnumbered issue, appellant contends appellee's expert witness affidavit lacks "authenticity due to the lack of Notary seal, signature of Affiant, and Notary Public not occurring on the same page." Even after examining the argument section of appellant's amended brief, we are unable to discern any complaint about an alleged trial court error.

■ The Texas Rules of Appellate Procedure control the required contents and the organization for an appellate brief. *Id.* (citing Tex.R.App. P. 38.1). One of those requirements is that an appellant's brief must concisely state all issues or points presented for review. *Id.* (citing Tex. R.App. P. 38.1(e) (now Rule 38.1(f))). An

issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Id.* Appellant's issues on appeal do not meet this requirement as they do not point out any error allegedly committed by the trial court or even attack the merits of the trial court granting appellee's motion for summary judgment. It would be inappropriate for this court to speculate as to what appellant may have intended to raise as an error by the trial court on appeal. *Id.* To do so would force this court to stray from our role as a neutral adjudicator and become an advocate for appellant. *Martinez v. El Paso County,* 218 S.W.3d 841, 844 (Tex.App.-El Paso 2007, pet. stricken).

■ In addition to a concise statement of all issues presented for review, an appellant's brief must also contain a clear and concise argument that includes appropriate citations to legal authority and the appellate record. *Valadez,* 238 S.W.3d at 845 (citing Tex.R.App. P. 38.1(h)(now Rule 38.1(i))). This requirement is not satisfied by merely uttering brief, conclusory statements unsupported by legal citations. *Id.* Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint. *Id.* Appellant has not met this requirement. Appellant's amended brief consists of a series of disjointed factual assertions and cryptic complaints. Appellant did not provide any discussion of the appropriate standard of review for the appeal of a summary judgment, any citation of appropriate legal authority, or any analysis applying the appropriate legal authority to the facts of her case in such a manner as to demonstrate the trial court committed reversible error when it granted appellee's motion for summary judgment.[2] It is not

---

**2.** Appellant did include citation to documents in an appendix attached to her amended brief.

this court's duty to review the record, research the law, and then fashion a legal argument for appellant when she has failed to do so. *Urrutia v. Kysor Industrial Corp.,* No. 14–98–00577–CV, 2000 WL 1289318, at *2 (Tex.App.-Houston [14th Dist.] Sept. 14, 2000, pet. denied) (not designated for publication). Because appellant's amended brief completely fails to comply with the requirements of Texas Rule of Appellate Procedure 38, she has waived her issues on appeal. *Valadez,* 238 S.W.3d at 845.

 To the extent appellant's issues on appeal can be construed as challenging the trial court's order granting appellee's hybrid motion for summary judgment, the result is the same. Appellant's timely filed summary judgment evidence is insufficient to raise a genuine issue of material fact as to whether appellee's alleged negligence caused appellant's alleged injuries. Because, under rule 166a(i), a trial court must grant a no-evidence motion for summary judgment unless the respondent produces summary judgment evidence sufficient to raise a genuine issue of material fact, which appellant failed to do, the trial court properly granted appellee's motion. Tex.R. Civ. P. 166a(i).

### CONCLUSION

We affirm the trial court's summary judgment.

KEM THOMPSON FROST, Justice, concurring.

The majority concludes that appellant Margie Canton–Carter has not assigned any error and that this court may resolve this entire appeal based on briefing waiver. Though both conclusions are incorrect, the court nonetheless reaches the right result because the timely filed summary-judgment evidence does not raise a genuine issue of material fact as to whether the alleged negligence of appellee Baylor College of Medicine proximately caused Canton–Carter's injury.

The majority applies the rules of appellate procedure too strictly and contrary to binding precedent of the Texas Supreme Court. In concluding that Canton–Carter has failed to assign any error, the majority improperly restricts consideration of the issues that Canton–Carter has presented to the issues stated in the "Issues Presented for Review" section of her brief. *See* TEX.R.APP. P. 38.1(e)[1] ("The brief must state concisely all issues or points presented for review. The statement of an issue or point will be treated as covering every subsidiary question that is fairly included."); *Perry v. Cohen,* 272 S.W.3d 585, 587–88, 2008 WL 4891677, at *2–3 (Tex., 2008) (holding that court of appeals erred by concluding appellant failed to assign error and by failing to liberally construe the issues presented and the subsidiary questions fairly included therein in light of the assertions by appellant in the argument section of the brief). The majority does not discuss the issues that are fairly included in the issues presented by Canton–Carter. The majority does not mention that Canton–Carter asserts that this

---

The vast majority of these documents are not part of the appellate record. We may not consider documents attached to an appellate brief that are not part of the appellate record. *Ramex Construction Co. v. Tamcon Services, Inc.,* 29 S.W.3d 135, 138 (Tex.App.-Houston [14th Dist.] 2000, no pet.). With regard to those few documents in appellant's appendix that are found in the appellate record, appellant offers no argument as to how these documents establish the trial court erred when it granted appellee's motion for summary judgment.

1. Effective September 1, 2008, the relevant rule is Rule 38.1(f), although the language is the same as former Rule 38.1(e).

court should reverse the trial court's summary judgment. Nor does the majority address Canton–Carter's arguments regarding the essential elements of her medical malpractice case. Appellate briefs are to be construed reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *See Perry,* at 587, 2008 WL 4891677, at *2. Appellate courts should reach the merits of an appeal whenever reasonably possible and should construe issues presented liberally to obtain a just, fair, and equitable adjudication of the rights of the litigants. *See id.* at 587–88, at *2–3. Under this legal standard, Canton–Carter has assigned error as to whether the trial court erred in granting Baylor College of Medicine's motion for summary judgment.

In the alternative, the majority disposes of this entire appeal and affirms the trial court's judgment based on briefing waiver under Rule 38.1(h).[2] However, under binding precedent, this court cannot resolve all of the issues in an appeal based on briefing waiver. *See* TEX.R.APP. P. 44.3 ("A court of appeals must not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."); *Inpetco, Inc. v.*

*Texas American Bank/Houston, N.A.,* 729 S.W.2d 300, 300 (Tex.1987) (per curiam) (stating that, under predecessor to Rule 44.3, a court of appeals cannot overrule all issues and affirm trial court's judgment based only on briefing waiver); *Elder v. Bro,* 809 S.W.2d 799, 802 (Tex.App.-Houston [14th Dist.] 1991, writ denied) (holding that appellate courts may overrule some of appellant's issues based on briefing waiver, but must not overrule all of them based on briefing waiver). Therefore, this court should not use briefing waiver to dispose of the entire appeal.

Nonetheless, the timely filed summary-judgment evidence does not raise a genuine issue of material fact as to whether the alleged negligence of Baylor College of Medicine proximately caused Canton–Carter's injury. For this reason, the trial court's judgment should be affirmed.

Accordingly, though I do not join in the majority's opinion, I respectfully concur in the judgment.

---

**2.** Effective September 1, 2008, the relevant rule is Rule 38.1(i), although the language is the same as former Rule 38.1(h).