

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-384-CV

LEQUITA SMITH AND ALL                                      APPELLANTS
OCCUPANTS

V.

COMPASS BANK                                                APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On April 15, 2009, appellants, acting pro se, filed their brief with this court. On April 16, 2009, we notified appellants that their brief was defective in substance and form, specifically listing the ways in which their brief did not comply with the rules of appellate procedure. *See* Tex. R. App. P. 6.3, 38.1(c), (d), (f)–(i). We also stated that failure to file an amended brief complying with the rules on or before April 27, 2009 could result in our striking the

---

[1] *See* Tex. R. App. P. 47.4.

noncompliant brief, waiver of any nonconforming points, or dismissal of the appeal. *See* Tex. R. App. P. 38.8(a), 38.9(a), 42.3. Appellants filed a motion requesting three additional days to complete the brief, which this court granted, but then appellants failed to file an amended brief.

Rule 38.9 provides that "substantial compliance" with the briefing rules is required, subject to exceptions. Tex. R. App. P. 38.9. First, if the court determines that the briefing rules have been flagrantly violated as to form, the court may require a party to amend, supplement, or redraw a brief. *Id*. 38.9(a). If a party files another brief that does not comply, the court may strike the brief, prohibit the party from filing another, and proceed as if the party did not file a brief. *Id*.

It is an appellant's burden to discuss his or her assertions of error. *See Canton-Carter v. Baylor College of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, pet. filed). An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether there was error. *Id.* Moreover, in addition to a concise statement of all issues presented for review, an appellant's brief must also contain a clear and concise argument that includes appropriate citations to legal authority and the appellate record. *Id.* at 931.

2

Here, although appellants' brief is lengthy and extensive, no issues are presented. Instead, in two locations of appellants' brief, they state (1) "Please let the Defendant prove when this property was re-posted for wrongful foreclosure after the temporary restraining order was signed," and (2) "Prove where Defendant had permission from the County Court of Law to go to J P Court and get an order for Forcible Entry when the hearing had not been scheduled yet for trial." Examining the entirety of appellants' brief, however, we are unable to discern any complaint about any alleged trial court error. And appellants' two statements labeled as "Arguments" fail to cite legal authority, to cite to the appellate record, and to provide any substantive analysis.

Accordingly, because this court informed appellants of the substantial defects in their brief and because appellants failed to file an amended brief curing those defects, we strike appellants' brief and dismiss the appeal for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(c); *Newman v. Clark*, 113 S.W.3d 622, 623 (Tex. App.—Dallas 2003, no pet.); *see also Canton-Carter*, 271 S.W.3d at 931 (determining that appellant's issues on appeal did not meet the requirements of Texas Rule of Appellate Procedure 38 because they do not point out any error allegedly committed by the trial court

or even attack the merits of the trial court's judgment, nor did appellant's arguments cite legal authority or provide substantive analysis).[2]

PER CURIAM

PANEL: WALKER, MCCOY, and MEIER, JJ.

DELIVERED: July 9, 2009

---

[2] Our dismissal of appellants' appeal makes appellants' pending motion regarding the docketing statement moot.