COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-384-CV

 

 

LEQUITA SMITH AND ALL                                                   APPELLANTS

OCCUPANTS

 

                                                   V.

 

COMPASS BANK                                                                    APPELLEE

 

                                              ------------

 

         FROM COUNTY COURT AT LAW
NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

                                                    

                                              ------------








On April 15, 2009, appellants, acting pro se,
filed their brief with this court.  On
April 16, 2009, we notified appellants that their brief was defective in
substance and form, specifically listing the ways in which their brief did not
comply with the rules of appellate procedure. 
See Tex. R. App. P. 6.3, 38.1(c), (d), (f)B(i).  We also stated that failure to file an
amended brief complying with the rules on or before April 27, 2009 could result
in our striking the noncompliant brief, waiver of any nonconforming points, or
dismissal of the appeal.  See Tex.
R. App. P. 38.8(a), 38.9(a), 42.3. 
Appellants filed a motion requesting three additional days to complete
the brief, which this court granted, but then appellants failed to file an
amended brief.

Rule 38.9 provides that Asubstantial
compliance@ with the briefing rules is
required, subject to exceptions.  Tex. R. App. P.
38.9.  First, if the court determines
that the briefing rules have been flagrantly violated as to form, the court may
require a party to amend, supplement, or redraw a brief.  Id. 38.9(a).  If a party files another brief that does not
comply, the court may strike the brief, prohibit the party from filing another,
and proceed as if the party did not file a brief.  Id.

It is an appellant=s burden
to discuss his or her assertions of error. 
See Canton-Carter v. Baylor College of Med., 271 S.W.3d 928, 930
(Tex. App.CHouston [14th Dist.] 2008, pet.
filed).  An appellate court has no duty,
or even the right, to perform an independent review of the record and
applicable law to determine whether there was error.  Id. 
Moreover, in addition to a concise statement of all issues presented for
review, an appellant=s brief must also contain a
clear and concise argument that includes appropriate citations to legal
authority and the appellate record.  Id.
at 931.








Here, although appellants= brief
is lengthy and extensive, no issues are presented.  Instead, in two locations of appellants= brief,
they state (1) APlease let the Defendant prove
when this property was re-posted for wrongful foreclosure after the temporary
restraining order was signed,@ and (2)
AProve
where Defendant had permission from the County Court of Law to go to J P Court
and get an order for Forcible Entry when the hearing had not been scheduled yet
for trial.@ 
Examining the entirety of appellants= brief,
however, we are unable to discern any complaint about any alleged trial court
error.  And appellants= two
statements labeled as AArguments@ fail to
cite legal authority, to cite to the appellate record, and to provide any
substantive analysis.








Accordingly, because this court informed
appellants of the substantial defects in their brief and because appellants
failed to file an amended brief curing those defects, we strike appellants= brief
and dismiss the appeal for want of prosecution. 
See Tex. R. App. P. 38.8(a)(1), 38.9(a), 42.3(c); Newman v.
Clark, 113 S.W.3d 622, 623 (Tex. App.CDallas
2003, no pet.); see also Canton-Carter, 271 S.W.3d at 931 (determining
that appellant=s issues on appeal did not meet
the requirements of Texas Rule of Appellate Procedure 38 because they do not
point out any error allegedly committed by the trial court or even attack the
merits of the trial court=s judgment, nor did appellant=s
arguments cite legal authority or provide substantive analysis).[2]

 

 

PER
CURIAM

 

PANEL: WALKER, MCCOY, and
MEIER, JJ.

 

DELIVERED: July 9, 2009











[1]See Tex. R. App. P. 47.4.





[2]Our dismissal of
appellants= appeal makes appellants= pending motion regarding
the docketing statement moot.