# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00553-CV

**Lisa Kay Dawson, Appellant**

**v.**

**William Jeffrey Dawson, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. D-1-FM-05-002142, HONORABLE GISELA D. TRIANA-DOYAL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from the trial court's final decree of divorce. In two issues, appellant Lisa Kay Dawson challenges the trial court's award of attorney's fees in favor of appellee William Jeffrey Dawson.[1] Because we conclude that appellant has either failed to preserve these issues for our review or, in the alternative, has waived these complaints, we affirm the trial court's final decree of divorce.

Jeff filed an original petition for divorce on March 30, 2005, which he later amended to include a request for attorney's fees. Lisa filed a counter-petition for divorce in which she also sought attorney's fees and requested a jury trial. At the start of the trial, the court inquired as to which issues the parties would submit to the jury. The parties agreed that the issues of managing

---

[1] Because the parties have the same surname, we will refer to them as "Lisa" and "Jeff," their preferred first names, to avoid confusion.

conservatorship and geographic restrictions relating to their two minor children would be decided by the jury, and that all property issues would be tried to the court. The trial court then inquired further:

THE COURT: Anything else that the jury is going to be—

MR. WEEKS [Counsel for Jeff]: No, I don't believe so, Judge.

THE COURT: Mr. Furlow?

MR. FURLOW [Counsel for Lisa]: There will be issues on attorney fees, as usual.

THE COURT: Are y'all submitting that to the jury?

MR. WEEKS: Either way. It's up to him. I'll go either way.

THE COURT: Okay. Attorney's fees will be submitted to the jury.

Consideration of the matter continued, however, as the parties discussed how the trial court's rulings on their motions in limine would affect the presentation of their evidence on attorney's fees. By her motion, Lisa sought to prohibit any testimony regarding settlement offers and to limit any reference to the fact that settlement discussions had or had not taken place or to the statements or conduct of any party in connection with such settlement discussions. Jeff's attorney objected insofar as such a limitation would prevent him from putting on evidence before the jury of his reasonable and necessary attorney's fees that directly resulted from dilatory or bad-faith negotiation tactics from opposing counsel. The trial court then interjected:

THE COURT: Mr. Furlow, you kind of have to make a decision. If the attorney's fees are going to go to the jury, then I believe that

2

it will be reasonable for them to determine, if the claim is made that one or both sides are being unreasonable and, you know, they're—what they're doing as an attorney, they're going to hear that.

So—and I—my firm belief is what's good for the goose is good for the gander—

MR. FURLOW:        Absolutely.

THE COURT:         —so if y'all want to sit here and throw mud at each other and talk about how bad the lawyers are in the case, and that's how you choose to spend your time, I'm not going to object to that. If y'all want to allow me to decide the attorney's fees at the end of the case, then I'll let y'all put that on outside the presence of the jury. But right now on—I guess—and you don't need to decide this second, but the decision is going to have to be made. If the attorney's fees are going to be presented to the jury, then I need to know because I will deny No. 4 [of Lisa's motion in limine]. Okay?

. . . .

But my ruling is going to be, if attorney's fees are going to go to the jury, if the jury is going to decide attorney's fees, I will allow—I will deny request for Motion in Limine No. 4 with the understanding, Mr. Weeks—I don't want to hear about actual negotiations. . . . The only—the only testimony that I'm going to allow is for the misconduct, if you want to call it, or the obstructing the process, if that is what y'all are arguing to the jury. . . .

MR. FURLOW:        That's fair. And I'll discuss with Mr. Weeks, once we finish here—

THE COURT:         That's fine.

MR. FURLOW:        —whether he wants to submit it to the jury.

THE COURT:         Y'all come to a determination and let me know.

MR. WEEKS:         I'm done. You can do the attorney's fees. I do not need to discuss that.

3

THE COURT: Okay. And so it will be his decision.

The record contains no indication, however, of whether or how the issue was ultimately resolved. The court's charge contained only four questions, all of which related to the managing conservatorship of the children and the right to designate their primary residence. During the charge conference, both parties stated that they had no objections to the jury charge. The jury returned a verdict that Jeff and Lisa be named joint managing conservators and that Jeff have the exclusive right to designate the children's primary residence.

In the months following the jury trial, the court heard further evidence regarding the property issues. During those proceedings, Mr. Weeks testified without objection that his reasonable and necessary attorney's fees totaled just over $38,000.

The trial court signed a final decree of divorce dividing the marital estate and ordering that Lisa pay Jeff's attorney's fees in the amount of $38,000. Lisa now appeals, raising the following two issues:

## POINT OF ERROR NO. ONE (1)

Appellant presents an issue that Appellee failed to prepare and/or present issues for the Jury to consider as to facts to determine an amount, if any, Appellant would owe for attorney fees to Appellee, though Appellant requested such findings of fact.

## POINT OF ERROR NO. TWO (2)

The Court committed reversible error by granting attorney fees for Appellee against Appellant, though Appellant requested that the jury make finding of fact as to any attorney fees and Appellee failed to submit any issues to the jury on that issue.

4

Lisa's entire argument as presented in her brief to this Court consists of the following:

The Court was aware, prior to the beginning of the jury trial, that Appellant was requesting any fact issue as to attorney fees be submitted to the jury for the jury to find facts to determine whether attorney fees should be granted and any amount thereof. See the discussion between the Court and both attorneys beginning at page 8, line 18 of Vol. 2 of 7 and continuing for several pages so it was made abundantly clear to Appellee's attorney that any and all issues about attorney fees would be submitted to the jury.

The Texas Rules of Appellate Procedure control the required contents and organization of an appellate brief. *See* Tex. R. App. P. 38.1. One of those requirements is that an appellant's brief must concisely state all issues or points presented for review. *Id.* An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *Id.*; *see Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Lisa's first issue fails to meet this requirement, as it is directed at the actions of the opposing party and not the trial court and thus presents nothing for our review. *See Canton-Carter*, 271 S.W.3d at 931; *see also Taylor v. First State Bank*, No. 03-98-00474-CV, 1999 Tex. App. LEXIS 6329, at *6 (Tex. App.—Austin Aug. 26, 1999, no pet.) (not designated for publication).

In addition, an appellant's brief must contain a clear and concise argument for the contentions made therein and include appropriate citations to legal authority and the appellate record. *See* Tex. R. App. P. 38.1(i); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.). Lisa's argument in support of her second issue fails to comply with these requirements. Furthermore, to complain of a ruling or action by the trial court on appeal, the record must

5

demonstrate that the complained-of ruling or action actually occurred. *See* Tex. R. App. P. 33.1(a)(2). The record in this case does not support Lisa's assertion that the issue of attorney's fees was to be tried to the jury; rather, it shows only that the parties discussed the possibility of presenting the issue to the jury but never conclusively decided that they would do so. Even more importantly, Lisa failed to object to the court's charge, which included no questions regarding attorney's fees, nor did she object when the trial court heard evidence regarding Jeff's attorney's fees during the bench trial on Jeff's motion for enforcement. Therefore, she failed to preserve error regarding her complaint that the attorney's fee issue should have been determined by the jury. *See id.* 33.1(a)(1).

In light of the foregoing, we overrule Lisa's appellate issues.

## CONCLUSION

Having concluded that Lisa failed to preserve any alleged error in the trial court's judgment or, in the alternative, has waived her claims due to inadequate briefing in her appeal to this Court, we affirm the trial court's final decree of divorce.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: April 30, 2010

6