**Affirmed and Memorandum Opinion filed August 29, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00312-CV

_____

## MARMIC PROPERTIES, L.L.C., Appellant

## V.

## SILVERGLEN TOWN-HOMES HOMEOWNERS ASSOCIATION, Appellee

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-23504**

## M E M O R A N D U M   O P I N I O N

After purchasing undeveloped townhome lots, appellant Marmic Properties, Inc. ("Marmic") failed to pay assessments to appellee Silverglen Townhomes Homeowners Association ("the HOA") as required under the applicable restrictive covenants. The trial court granted summary judgment in favor of the HOA. We affirm.

## BACKGROUND

Silverglen Townhomes is a subdivision in Harris County. It is subject to the "Declaration of Covenants, Conditions, Restrictions and Easements for Silverglen Townhomes Ltd." ("the Declaration"), filed on November 15, 2004. Silverglen Townhomes Ltd., as the sole owner of the property in the subdivision, executed the Declaration through a representative. Among other things, the Declaration provides that a budget for operation, management, and maintenance of the subdivision is to be funded through common assessments paid to the HOA by each lot owner. The HOA's board of directors is responsible for setting the common assessment each year.

Silverglen Townhomes was planned as a development encompassing 43 townhomes, but only 26 townhomes were actually built. Marmic purchased the remaining 17 undeveloped lots in February 2008; since that time, Marmic has made no payments of common assessments on any of the 17 lots.

The HOA sued Marmic on April 18, 2011, seeking judicial foreclosure on the 17 lots owned by Marmic; an order of sale for those lots; $97,031.92 in unpaid assessments; and attorney's fees under the Texas Property Code. The HOA filed a motion for summary judgment, which Marmic opposed on grounds that fact issues existed as to whether (1) the common assessments were unauthorized by the Declaration or arbitrary and capricious, and (2) the Declaration itself was properly recorded. On January 23, 2012, the trial court signed an order granting summary judgment in favor of the HOA. This appeal followed.

Marmic raises two issues on appeal that parallel the arguments it made in the trial court. It contends that the trial court erred in granting summary judgment because (1) "there were fact issues whether the assessments for unknown uses [were] 'arbitrary and capricious,'" and (2) "the declaration which authorized the

assessments was not properly recorded."

## ANALYSIS

We review summary judgments *de novo*. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004); *Raynor v. Moores Mach. Shop, LLC*, 359 S.W.3d 905, 907 (Tex. App.—Houston [14th Dist.] 2012, no pet.). We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Joe*, 145 S.W.3d at 157. The movant has the burden of showing there is no genuine issue of material fact and it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Joe*, 145 S.W.3d at 157. We affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Joe*, 145 S.W.3d at 157.

## I. Arbitrary or Capricious Assessments

Marmic argues that, because the common assessments at issue were used to pay for water, trash collection, and other services that have not been utilized on its 17 still-undeveloped lots, a fact issue existed as to whether the common assessments were arbitrary and capricious under section 202.004 of the Texas Property Code. This provision states:

> An exercise of discretionary authority by a property owners' association or any other representative designated by an owner of real property concerning a restrictive covenant is presumed to be reasonable unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory.

Tex. Prop. Code § 202.004(a) (Vernon 2007).

The HOA relies on section 9.6 of the Declaration, which is titled "Uniform Rate of Assessment" and specifies that "[b]oth Common and Special Assessments

3

must be fixed at a uniform rate for all Lots." The HOA argues that this provision does not allow the use of discretion in setting the dollar amount of the assessments at issue; therefore, it argues that section 202.004, which expressly applies to an "exercise of discretionary authority," is inapplicable. This argument calls for us to construe the language of the Declaration.

Restrictive covenants are subject to the general rules of contract construction. *Pilarcik v. Emmons*, 966 S.W.2d 474, 479 (Tex. 1998); *La Ventana Ranch Owners' Ass'n, Inc. v. Davis*, 363 S.W.3d 632 (Tex. App.—Austin 2011, pet. denied). A court's primary duty in construing a restrictive covenant is to ascertain the drafter's intent from the plain meaning of the instrument, affording words and phrases their commonly accepted meanings. *La Ventana*, 363 S.W.3d at 638.

In clear, plain language, the Declaration states that the common assessment "must be fixed at a uniform rate for all Lots." Marmic does not dispute this language. Therefore, we conclude that the HOA did not exercise any discretionary authority in charging Marmic the same common assessment it charged the owners of the developed lots. *See* Tex. Prop. Code § 202.004(a); *La Ventana*, 363 S.W.3d at 648 ("Section 202.004(a) creates a rebuttable presumption that a property owners' association or other representative acts reasonably in exercising its *discretionary* authority.") (emphasis added). Our analysis does not end there, however.

The Declaration provides that, on an annual basis, the HOA's board of directors has the "right and obligation" to set the common assessment at a rate sufficient to provide enough funding "for the proper operation, management, and maintenance of the Subdivision." Accordingly, even though the HOA does not have the discretionary authority to charge lot owners anything but one uniform

common assessment each year, the HOA enjoys discretionary authority in setting the common assessment. In this context, we consider Marmic's contention that the HOA acted in an arbitrary, capricious, or discriminatory fashion in setting the common assessments at issue in this appeal.

Marmic relies heavily on the deposition testimony of HOA President Rosemary Bradshaw, who took office in January 2010. Bradshaw testified that, prior to her taking office, the HOA kept records of the common assessments it had collected but did not have documentation demonstrating the actual expenses paid during that period. Marmic argues that "[i]t is hard to imagine how the collection of assessments when there was no evidence of the amount of expenses or the uses to be paid by the assessments could not be arbitrary and capricious. At a minimum there was a question of fact." Effectively, Marmic argues that, in the absence of any evidence on the reasonableness of the common assessments levied between February 2008 and January 2010, the trial court erred by granting summary judgment on the issue.

Section 202.004 creates a presumption that a property owners' association exercises its discretionary authority concerning a restrictive covenant reasonably "unless the court determines by a preponderance of the evidence that the exercise of discretionary authority was arbitrary, capricious, or discriminatory." Tex. Prop. Code Ann. § 202.004. A presumption is simply a rule of procedure or an administrative assumption that may be overcome when positive evidence to the contrary is introduced. *Uptegraph v. Sandalwood Civic Club*, 312 S.W.3d 918, 932-33 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Therefore, a showing by a preponderance of the evidence that the property owners' association exercised its discretionary authority concerning a restrictive covenant in a way that was arbitrary, capricious, or discriminatory merely destroys the presumption that the

5

association acted reasonably. *Id.* at 933.

The HOA was entitled to the presumption that the exercise of its discretionary authority concerning the common assessments from February 2008 to January 2010 was reasonable; Marmic had the burden of introducing contrary evidence. *See id.* Because Marmic did not introduce any evidence to controvert the presumption that the HOA had acted reasonably in setting the common assessments between February 2008 and January 2010, the presumption remains intact and the HOA is entitled to summary judgment. *See id.*

Bradshaw testified that, after she took office in January 2010, the common assessments collected by the HOA were used to pay for a variety of services: "Water and sewer, the trash collection, the lawn maintenance, any unexpected repairs to, you know, common area problems, street lights, the electricity associated with, like, the front entrance or the common areas, liability insurance, any administrative expenses, such as postage, that kind of thing, legal fees."

Marmic argues that at least two of these services — water and trash collection — conferred no benefit on the 17 undeveloped lots owned by Marmic and existed "solely for the benefit and personal use of the owners of the developed lots." As a result, Marmic argues, "the majority of the assessments which [the HOA] is attempting to collect from Marmic were being utilized to subsidize the other lot owners."

Marmic's complaints regarding a bundle of services covered by a uniform covered assessment neither establish arbitrary conduct on this record nor overcome the presumption. The services described by Bradshaw easily fit within the Declaration's unambiguous authorization to fund "the proper operation, management, and maintenance of the Subdivision." A single meter monitors the water system that services the entire subdivision of Silverglen Townhomes —

6

including the undeveloped lots owned by Marmic; there is no way for the HOA to apportion the costs of maintaining that system based on each lot's usage. And though Marmic claims not to have made use of the water system, the HOA has used the funds raised through common assessments to repair a broken water pipe on one of Marmic's lots and to clean up vandalism to the sprinkler system on another Marmic lot. Likewise, all lot owners benefit from the twice-weekly curbside trash collection provided at the HOA's expense regardless of whether they each put out trash each week; the desirability of developed and undeveloped lots alike would be diminished if trash were to accumulate on the occupied lots. *See, e.g.,* Tex. Health & Safety Code Ann. § 363.003(2) (Vernon 2010) ("[T]he improper management of solid waste creates hazards to the public health, can cause air and water pollution, creates public nuisances, and causes a blight on the landscape.").

We overrule Marmic's first issue.

## II. Improper Recording of the Declaration

Marmic next contends that the trial court erred by granting summary judgment because two fact questions exist regarding the Declaration. The first is: "[T]he Declaration is signed by Silverglen Townhomes, Ltd., which purports to be the owner of the properties. . . . There is no entity in Texas by that name." The second is: "The Declaration was not recorded by the owner of the property. Rather, a copy was attached to another document as an exhibit which was signed by [the HOA]." Marmic has cited no authority in support of these arguments, maintaining only that "[i]t is basic real property law that, only the owner of property can file restrictions against his own property."

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex.

R. App. P. 38.1(i).  An appellant's failure to comply with this rule results in waiver of issues on appeal.  *See e.g.*, *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931-32 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Marmic cited no authority in the trial court that supports its argument that the Declaration was improperly recorded, and it cites no authority on appeal. Marmic has waived this issue on appeal.

We overrule Marmic's second issue.

## CONCLUSION

Having overruled both of Marmic's issues on appeal, we affirm trial court's order granting summary judgment in favor of the HOA.

/s/ William J. Boyce
   Justice

Panel consists of Justices Boyce, Jamison, and Busby.

8