

# Fourth Court of Appeals
## San Antonio, Texas

March 7, 2018

No. 04-17-00764-CV

Erika Diann **GROSS,**
Appellant

v.

Joyce **GROSS** and Vincent Gross,
Appellees

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2017-CV-05264
Honorable Jason Wolff, Judge Presiding

# O R D E R

On February 26, 2018, Appellant Erika Dian Gross, representing herself, filed an appellate brief. The brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1.

For example, no part of the brief contains any citations to the record. *See id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The [argument section of the] brief must contain . . . appropriate citations . . . to the record.").

The brief presents a single issue—whether the trial "court fail[ed] to acknowledge the procedural process of month-to-month tenancies requiring thirty day written notice that the landlord desires possession." Appellant prays for this court to reverse the trial court's judgment based on lack of notice.

The argument section consists of three sentences, but it does not include any citations to the record. *See id.* ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). The brief cites section 91.001 of the Texas Property Code, but fails to show that a lease exists that would invoke the statute, and it fails to cite any case law to support her position. *See id.* (requiring "appropriate citations to authorities and to the record"); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint.").

Moreover, the brief does not contain an Appendix, *see* TEX. R. APP. P. 38.1(k), a certificate of compliance, *see id.* R. 9.4(i)(3), or a proper certificate of service, *see id.* R. 9.5.

This court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38. *See id.* R. 38.9(a). We conclude that the formal defects described above constitute flagrant violations of Rule 38.

Therefore, we STRIKE Appellant's brief and ORDER Appellant Erika Dian Gross to file an amended brief within TEN DAYS of the date of this order. **The amended brief must correct all of the violations listed above and fully comply with the applicable rules.** *See, e.g., id.* R. 9.4, 9.5, 38.1. If the amended brief does not comply with this order, we "may strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

If Appellant timely file a brief that complies with this order, Appellee's brief will be due thirty days after Appellant's brief is filed. *See* TEX. R. APP. P. 38.6(b).

 

_____
Patricia O. Alvarez, Justice

 

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of March, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court