

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00550-CV

Norma **LOPEZ**,
Appellant

v.

**STAR VASCULAR, LLC** d/b/a Star Vascular Access Center,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2017-CI-15308
Honorable Cathleen M. Stryker, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

Delivered and Filed:  March 14, 2018

DISMISSED FOR WANT OF PROSECUTION

In this wrongful death case, Appellant Norma Lopez appeals from the trial court's grant of Appellee Star Vascular, LLC's motion for summary judgment.  Because Appellant failed to file a brief that complies with the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution.

### FIRST APPELLANT'S BRIEF

On January 10, 2018, Appellant Norma Lopez, representing herself, filed an appellate brief. The brief did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure.  *See* TEX. R.

APP. P. 38.1. For example, no part of the brief contained any citations to the record. *See id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The [argument section of the] brief must contain . . . appropriate citations . . . to the record."). The brief presented a single issue—that "the trial court erred in excluding critical evidence." Appellant prayed for this court to affirm the trial court's order, but the trial court granted Appellee's motion for summary judgment against Appellant's claims.

Further, the argument section consisted of only two sentences, and it did not present any legal arguments. *See id.* ("The brief must contain a clear and concise argument for the contentions made . . . ."). The brief also failed to cite any authorities. *See id.* (requiring "appropriate citations to authorities"); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint.").

Moreover, the brief did not contain an Appendix, *see* TEX. R. APP. P. 38.1(k), a certificate of compliance, *see id.* R. 9.4(i)(3), or a proper certificate of service, *see id.* R. 9.5.

We concluded that the formal defects described above constituted flagrant violations of Rule 38. On January 18, 2018, we struck Appellant's brief and ordered her to file an amended brief not later than January 28, 2018. *See id.* R. 38.9(a). We warned Appellant that her amended brief must correct all of the violations listed in our order and fully comply with the applicable rules. *See, e.g.*, *id.* R. 9.4, 9.5, 38.1. We warned Appellant that if her amended brief did not comply with our order, we could "strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

**APPELLANT'S AMENDED BRIEF**

On February 2, 2018, Appellant filed a motion for extension of time to file an amended brief. Although her motion was untimely, we granted Appellant's motion for an extension of time to file an amended brief until February 20, 2018. Appellant filed her amended brief one day late.

The amended brief does not comply with Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. For example, no part of the amended brief contained any citations to the record. *See id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The [argument section of the] brief must contain . . . appropriate citations . . . to the record.").

The amended brief presents a single issue—that "the trial court erred in excluding critical evidence." But the brief simply does not make any legal argument for this court to review. *Contra id.* ("The brief must contain a clear and concise argument for the contentions made . . . ."). It does not identify what evidence was allegedly improperly excluded—or explain why it was crucial to her case, whether she preserved her claim of error, and how the alleged error requires reversal—or otherwise present a legal argument that the trial court committed reversible error. *Contra id.*

The argument section refers to a single case, *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397 (Tex. 1993), but its principal issue "is whether Texas permits recovery for lost chance of survival or cure in medical malpractice cases." *Id.* at 398. Appellant does not provide a pinpoint citation for the case, or otherwise state how the case applies to her facts. *See* TEX. R. APP. P. 38.1 (requiring "*appropriate* citations to authorities and to the record" (emphasis added)); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint.").

Moreover, the brief did not contain an Appendix, *see* TEX. R. APP. P. 38.1(k), a certificate of compliance, *see id.* R. 9.4(i)(3), or a proper certificate of service, *see id.* R. 9.5.

We strike Appellant's amended brief, and we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 9.4, 38.8(a)(1), 38.9(a), 42.3(b),(c).

PER CURIAM