

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00764-CV

Erika Diann **GROSS**,
Appellant

v.

Joyce **GROSS** and Vincent Gross,
Appellees

From the County Court at Law No. 10, Bexar County, Texas
Trial Court No. 2017-CV-05264
Honorable Jason Wolff, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed:  March 28, 2018

DISMISSED FOR WANT OF PROSECUTION

This appeal arises from the eviction judgment rendered against Appellant Erika Diann Gross.  Because Appellant failed to file a brief that complies with the Texas Rules of Appellate Procedure, we dismiss this appeal for want of prosecution.

On February 26, 2018, Appellant Erika Diann Gross, representing herself, filed an appellate brief.  The brief did not comply with Rule 38.1 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 38.1.

For example, no part of the brief contained any citations to the record. *See id.* R. 38.1(g) ("The statement [of facts] must be supported by record references."); *id.* R. 38.1(i) ("The [argument section of the] brief must contain . . . appropriate citations . . . to the record.").

The brief presented a single issue—whether the trial "court fail[ed] to acknowledge the procedural process of month-to-month tenancies requiring thirty day written notice that the landlord desires possession." Appellant prayed for this court to reverse the trial court's judgment based on lack of notice.

The argument section consisted of three sentences, but it did not include any citations to the record. *See id.* ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). The brief cited section 91.001 of the Texas Property Code, but failed to show that a lease exists that would invoke the statute, and it failed to cite any case law to support Appellant's position. *See id.* (requiring "appropriate citations to authorities and to the record"); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint.").

Moreover, the brief did not contain an Appendix, *see* TEX. R. APP. P. 38.1(k), a certificate of compliance, *see id.* R. 9.4(i)(3), or a proper certificate of service, *see id.* R. 9.5.

On March 7, 2018, we struck Appellant's brief and ordered Appellant to file an amended brief not later than March 19, 2018, that complied with our order and the Texas Rules of Appellate Procedure. *See, e.g.*, *id.* R. 9.4, 9.5, 38.1. We warned Appellant that if the amended brief did not comply with our order, we could "strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

To date, Appellant has not filed any response to our March 7, 2018 order.

Therefore, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 9.4, 38.8(a)(1), 38.9(a), 42.3(b),(c).

PER CURIAM