## Fourth Court of Appeals
### San Antonio, Texas



August 20, 2018

No. 04-18-00123-CV

**ONE HUNDRED SEVENTY-ONE THOUSAND ONE HUNDRED AND 00/100**
($171,100.00) in U.S. Currency and One (1) 2012 Volkswagen Jetta,
VIN#3VWDP7AJ9CM333910,
Appellants

v.

**THE STATE OF TEXAS**,
Appellee

From the 79th Judicial District Court, Jim Wells County, Texas
Trial Court No. 15-02-54230
Honorable Richard C. Terrell, Judge Presiding

# O R D E R

On July 5, 2018, because the brief had insufficient record citations and most of the brief's citations were to documents in the appendix—which were not part of the clerk's record, we struck Appellant's brief and ordered her to file a brief that fully complied with the Texas Rules of Appellate Procedure.

On August 6, 2018, Appellant filed an amended brief. The amended brief does not comply with our July 5, 2018 order or Rule 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. Specifically, the brief has the following defects.

- Citations to Brief Appendix Documents. Appellant's brief does not contain appropriate citations to the record. *Contra* TEX. R. APP. P. 38.1(i). Appellant attached twenty-four documents to her amended brief. Her brief cites the attached documents approximately fifty-six times. But it is unclear which of the attached documents are copies from the clerk's record and which are not contained in the clerk's record—and are not part of the appellate record. We may not consider documents that are attached to a brief that are not part of the appellate record. *Briggs v. Toyota Mfg. of Texas*, 337 S.W.3d 275, 283 (Tex. App.—San Antonio 2010, no pet.); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 n.2 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("We may not consider documents attached to an

appellate brief that are not part of the appellate record."). Appellant's brief must contain document citations to only the clerk's and reporter's records. *See* TEX. R. APP. P. 38.1(i).

- Appendix. The appendix does not include a copy of the trial court's judgment from which relief is sought. *Contra* TEX. R. APP. P. 38.1(k).

This court may order a party to amend, supplement, or redraw a brief if it flagrantly violates Rule 38. *See id.* R. 38.9(a). We conclude that the defects described above constitute flagrant violations of Rule 38.

Therefore, we STRIKE Appellant's amended brief and ORDER Appellant to file a second amended brief within TEN DAYS of the date of this order. **The amended brief must correct all the violations listed above and fully comply with the applicable rules.** *See, e.g.*, *id.* R. 9.4, 9.5, 38.1. If the amended brief does not comply with this order, we "may strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See id.* R. 38.9(a); *see also id.* R. 38.8(a) (authorizing this court to dismiss an appeal if an appellant fails to timely file a brief).

If Appellant timely files a brief that complies with this order, Appellee's brief will be due thirty days after Appellant's second amended brief is filed. *See* TEX. R. APP. P. 38.6(b).

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of August, 2018.

_____
KEITH E. HOTTLE,
Clerk of Court