**Affirmed and Memorandum Opinion filed March 11, 2021.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-19-00612-CV

---

## ROY ROBERT SMITH III D/B/A FORT BEND BOAT STORAGE, Appellant

## V.

## SHAWN COUSINS INDIVIDUALLY; TRUSTEE SHAWN COUSINS, COUSINS FAMILY TRUST; AND SHAWN COUSINS D/B/A 3C ENTERPRISES, Appellees

---

**On Appeal from the County Court at Law No. 4
Fort Bend County, Texas
Trial Court Cause No. 18-CCV-062363**

---

### M E M O R A N D U M   O P I N I O N

Appellant Roy Robert Smith III d/b/a Ford Bend Boat Storage sued appellees Shawn Cousins individually, Trustee Shawn Cousins of the Cousins Family Trust, and Shawn Cousins d/b/a 3C Enterprises (collectively, "Appellees"), asserting claims in connection with Appellees' attempt to recover a debt from Smith.  The trial court granted Appellees' no evidence summary judgment motion

on Smith's claims. For the reasons below, we affirm.

## BACKGROUND

Representing himself pro se, Smith sued Appellees in June 2018. The following facts are drawn from the parties' summary judgment evidence.

Smith owns a boat storage facility in southwest Houston and leased two boat storage units to Cousins. In 2016, Cousins provided notice of intent to vacate the units. The parties disagreed regarding Cousins's deposit refund: Smith asserted Cousins was entitled to a $12.50 prorated refund whereas Cousins said he was entitled to have the full $79.00 deposit returned. According to Smith, Cousins aggressively pursued his full deposit and "attempt[ed] to intimidate" Smith with threats of a lawsuit.

In July 2017, Smith received a letter from "3C Enterprises, a debt collection company." The letter said 3C Enterprises had purchased "the rights to Smith's delinquent loan account," which had an outstanding balance of $377.43. The letter listed the Cousins Family Trust as the loan's creditor. The letter also stated that 3C Enterprises "intended to pursue every avenue" to collect the debt in full and threatened that it "would file a bad debt transaction with the three major credit reporting agencies" if Smith did not pay.

After independently investigating 3C Enterprises and the allegations in the letter, Smith concluded Cousins was "possibly operating a fraudulent debt collection company." Smith passed along his suspicions to the Fort Bend District Attorney's office and the Sugar Land Police Department. Believing he "had exhausted all non-litigating remedies to no avail," Smith stated that he "believed his only remaining option was to sue [Appellees] for monetary relief as allowed by statute and injunctive relief, so to prevent 3C Enterprises from holding true to its

2

threats against Smith."

Smith's second amended petition does not clearly list the claims he asserts against Appellees but appears to raise the following:

- Violations of the Texas Finance Code provisions governing debt collectors, debt collection companies, and debt collection practices.
- Violations of the Texas Finance Code provisions regarding "Fraudulent, Deceptive, or Misleading Representations" and "Threats or Coercion."
- Violations of the Texas Deceptive Trade Practices Act (the "DTPA").
- "[F]raud, attempted fraud, fraudulent misrepresentation and conspiracy to commit fraud against Smith."

Smith filed a traditional motion for summary judgment and attached 100 pages of exhibits. Smith then filed a "First Amended Traditional Motion for Summary Judgment"; this motion did not include any exhibits but referenced those attached to Smith's first summary judgment motion.

Appellees filed a no evidence motion for summary judgment challenging Smith's claims. Smith did not file a response to Appellees' no evidence summary judgment motion.

The trial court held a hearing on Appellees' summary judgment motion. In response to Appellees' arguments, Smith referred to evidence included with his original petition and first motion for summary judgment, neither of which were live pleadings. Appellees raised several objections to Smith's evidence; in response, Smith said:

> Well — well, first, I will tell you that I was not aware that, when filing the summary judgment, when filing a — an amended pleading, that the same exact — though — though the same exact exhibits are mentioned in all of those, that those exhibits had to be filed continuously, every time, with every pleading, as opposed to they

simply being on file with the Court, in reference to later pleadings.

But despite the deficiencies in Smith's filings, the trial court permitted him to "present what's pertinent and what's relevant" to Appellees' arguments. Smith discussed his claims and the evidence he had filed with the trial court and the trial court questioned him regarding certain elements of his causes of action. In response to the trial court's questions, Smith acknowledged that (1) the loan referenced in the 3C Enterprises letter did not exist, and (2) he did not pay the money demanded by the 3C Enterprises letter and did not have any other injuries associated with the attempted debt collection.

After the conclusion of the hearing, the trial court signed an order granting Appellees' no evidence motion for summary judgment on all of Smith's claims. Smith timely appealed.

## ANALYSIS

Smith continues to represent himself pro se on appeal. A pro se litigant is held to the same standards as a licensed attorney and must comply with all applicable rules of procedure, including appellate rules; otherwise, a pro se litigant would benefit from an unfair advantage over parties who are represented by counsel. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

Smith appears to raise one argument in his appellate brief: that the trial court applied the wrong definition of "consumer" with respect to his claims. We consider this argument in conjunction with the applicable standard of review and the arguments raised in Appellees' no evidence summary judgment motion.

4

## I.        Standard of Review

We review a summary judgment *de novo*.  *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).  We take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor.  *Dias v. Goodman Mfg. Co.*, 214 S.W.3d 672, 675-76 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

A party may move for a no evidence summary judgment on the grounds that no evidence exists for one or more essential elements of a claim or defense on which the adverse party bears the burden of proof at trial.  Tex. R. Civ. P. 166a(i). A no evidence motion must specifically identify the elements of the claims for which it contends there is no evidence.  *Cmty. Health Sys. Prof'l Servs. Corp. v. Hansen*, 525 S.W.3d 671, 695 (Tex. 2017).

Once the movant's burden is met, the burden shifts to the nonmovant to present evidence raising an issue of material fact as to the challenged elements of its causes of action.  *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).  The trial court must grant a no evidence summary judgment motion unless the nonmovant produces competent summary judgment evidence that raises a genuine issue of material fact on each challenged element.  *Id*.

Where, as here, the trial court's order granting summary judgment does not specify the basis for its ruling, we must affirm if any of the summary judgment grounds advanced in the motion are meritorious.  *Dealer Comput. Servs., Inc. v. DCT Hollister Rd, LLC*, 574 S.W.3d 610, 615 (Tex. App.—Houston [14th Dist.] 2019, no pet.).  We also must affirm if the appellant fails to challenge all grounds on which summary judgment could have been granted.  *McCrary v. Hightower*, 513 S.W.3d 1, 5 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

## II.  Application

Appellees' no evidence summary judgment motion addressed all claims raised in Smith's second amended petition.  Smith's status as a "consumer" was raised in Appellees' challenge to Smith's DTPA claim.  Within that challenge, Appellees asserted Smith could not produce evidence of:  (1) Smith's status as a consumer; (2) a violation of any one of the laundry list of "false, misleading, or deceptive acts or practices" that constitute a DTPA violation (*see* Tex. Bus. & Com. Code Ann. § 17.46(b)); and (3) damages.

As stated above, Smith's appellate brief appears to address only the "consumer" element of his DTPA claim.  Smith does not present any argument or point to any evidence to show he met his summary judgment burden with respect to the other two elements challenged in Appellees' motion.  Because Smith does not challenge every ground on which the no evidence summary judgment could have been granted with respect to his DTPA claim, we affirm the trial court's summary judgment on that claim.  *See McCrary*, 513 S.W.3d at 5; *see also, e.g.*, *Schuetz v. Source One Mortg. Servs. Corp.*, No. 03-15-00522-CV, 2016 WL 4628048, at *6 (Tex. App.—Austin Sept. 1, 2016, no pet.) (mem. op.); *Anderton v. Cawley*, 378 S.W.3d 38, 57 (Tex. App.—Dallas 2012, no pet.).

Smith does not raise any arguments or point to any evidence to challenge the trial court's summary judgment on his other claims.  *See* Tex. R. App. P. 38.1(i) (An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").  Therefore, we also affirm the trial court's summary judgment on Smith's remaining claims.

## CONCLUSION

We affirm the trial court's June 5, 2019 order granting Appellees' no evidence summary judgment motion.

/s/    Meagan Hassan
       Justice

Panel consists of Justices Spain, Hassan, and Poissant.