

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00077-CV

Frank **ARCHULETA**,
Appellant

v.

Dan **REESE**, Mayor to the City of Windcrest; Ryan Henry, in His Official Capacity as City Attorney of the City of Windcrest; Rafael Castillo Jr., in His Official Capacity as City Manager of the City of Windcrest; Wes Manning, Individually and in His Official Capacity as Council Member 1 of the City of Windcrest; Cindy Strzelecki, Individually and in Her Official Capacity as Council Member 2 of the City of Windcrest; Greg Turner, Individually and in His Official Capacity as Council Member 3 of the City of Windcrest; Joan Pedrotti, Individually and in Her Official Capacity as Council Member 3 of the City of Windcrest; Marcus Yax, Individually and in His Official Capacity as Council Member 4 of the City of Windcrest; the City of Windcrest; et al.,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI23833
Honorable Aaron Haas, Judge Presiding[1]

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
               Beth Watkins, Justice
               Liza A. Rodriguez, Justice

Delivered and Filed: August 23, 2023

DISMISSED FOR WANT OF PROSECUTION

      In the underlying case, Frank Archuleta, a former member of the Windcrest City Council

sued the City of Windcrest, several city council members, and others (the City Defendants) for

---

[1] The Honorable Christine Vasquez-Hortick is the presiding judge of the 225th Judicial District Court. The Honorable Aaron Haas, presiding judge of the 285th Judicial District Court, signed the order being complained of on appeal.

several causes of action including defamation. The City Defendants filed a plea to the jurisdiction, and the trial court granted the plea. Archuleta appealed. The appellate record was filed, and the parties filed their briefs.

In our July 28, 2023 order, we notified Archuleta that his brief violated rules 9.4 and 38.1 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.4, 38.1. The brief's numerous defects included the following:

- the Statement of the Case is ten pages long, discusses the facts, includes arguments, and has no record references, *contra id.* R. 38.1(d);

- the Statement of Facts is one sentence that "adopts and argues all facts made in the statement of the case," yet the adopted facts contain arguments, and none of the asserted facts are supported by record references, *contra id.* R. 38.1(g);

- the Argument section consists of five sentences which contain no appropriate—or any—citations to authorities or to the appellate record, *contra id.* R. 38.1(i); and

- there is no Certificate of Compliance, *contra id.* R. 9.4(i)(3).

Because the defects described above constituted flagrant violations of Rule 38, we struck Archuleta's brief. *See Lowry v. Tarbox*, 537 S.W.3d 599, 619–20 (Tex. App.—San Antonio 2017, pet. denied); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.).

We ordered Archuleta to file an amended brief that corrected all the noted defects and fully complied with the applicable rules not later than August 7, 2023. *See, e.g.*, TEX. R. APP. P. 38.1. We warned him that if his amended brief did not comply with our order, we "may strike the brief, prohibit [Appellant] from filing another, and proceed as if [Appellant] had failed to file a brief." *See* TEX. R. APP. P. 38.8(a)(1) (no timely brief); *id.* R. 42.3(b), (c) (involuntary dismissal).

To date, Archuleta has not filed a response to our July 28, 2023 order. Accordingly, we dismiss this appeal for want of prosecution. *See* TEX. R. APP. P. 38.8(a)(1), 38.9(a), 42.3(b), (c).

PER CURIAM