In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00515-CV

_____

**RODNEY R. RIFE, Appellant**

**V.**

**ANDREA PAYTON, Appellee**

**On Appeal from the 1st District Court**
**Jasper County, Texas**
**Trial Cause No. 30315**

**MEMORANDUM OPINION**

Appellee Andrea Payton sued her ex-husband, appellant Rodney R. Rife, for breach of contract, conversion, and specific performance. Rife appeals the trial court's judgment in favor of Payton and against Rife as to his counterclaims for breach of contract, breach of trust, declaratory judgment, and his turnover request. We affirm the trial court's judgment.

On June 6, 2013, this Court notified Rife that his appellate brief had been due on or before May 15, 2013, and that if his brief and a motion for extension of

1

time were not filed within ten days, the cause would be submitted to the Court on the record alone. This Court denied Rife's motion to abate the appeal on the same day, and notified Rife that he could seek leave of the Court for the late filing of his brief and the reporter's record, "provided the brief and the reporter's record are presented with the motion." *See* Tex. R. App. P. 35 (Time to File Record; Responsibility for Filing Record). On June 17, 2013, Rife filed his motion for leave to file his appellate brief. This Court granted the motion. No reporter's record has been filed with this Court.

In his appellate brief, Rife argues that a reporter's record was not filed "[d]ue to the lack of funds to timely obtain the reporter's record in this cause[.]" Appellant's counsel maintains that he "was left with the balance of the record to attempt to argue points of error[,]" and that "[t]hese points of error do not appear in the balance of the record and are not substantiated in the Findings of Fact and Conclusions of Law."

Appellant did not file an affidavit of indigency. *See* Tex. R. App. P. 20.1. Under Rule 37.3 of the Texas Rule of Appellate Procedure, if an appellant fails to pay the reporter's fee to prepare the reporter's record and the appellant is not entitled to proceed without payment of costs, "the appellate court may—after first giving the appellant notice and a reasonable opportunity to cure—consider and

decide those issues or points that do not require a reporter's record for a decision." Tex. R. App. P. 37.3(c).

Rule 38.1 of the Texas Rules of Appellate Procedure requires that an appellant's brief concisely state all issues or points presented for review. Tex. R. App. P. 38.1(f). Appellant's brief does not allege any error by the trial court and therefore presents no error for this Court to review. *See id*.; *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931-32 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (Issue presented for appellate review is sufficient if it directs the reviewing court to the error about which the complaint is made.). "An appellate court has no duty, or even the right, to perform an independent review of the record and applicable law to determine whether there was error." *Canton-Carter*, 271 S.W.3d at 930. In reviewing a civil case, an appellate court has no discretion to consider an issue not presented in an appellant's brief. *Id.* Moreover, an appellant's brief must also contain a clear and concise argument that includes appropriate citations to legal authority and the appellate record. Tex. R. App. P. 38.1(i). Failure to meet these requirements results in waiver of the complaint. *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

Appellant's brief fails to comply with the requirements of Rule 38.1. *See* Tex. R. App. P. 38.1. He has waived any issues he may have intended for this

3

Court to address. *Valadez*, 238 S.W.3d at 845. The judgment of the trial court is affirmed. Costs are assessed against appellant.[1]

    AFFIRMED.

                                  _____
                                      STEVE McKEITHEN
                                        Chief Justice

Submitted on October 29, 2013
Opinion Delivered November 21, 2013

Before McKeithen, C.J., Kreger and Horton, JJ.

---

[1] Appellee's Motion to Dismiss for Failure to Comply seeks a dismissal of the appeal or an affirmance of the trial court's judgment. Having affirmed the judgment, we need not address the motion except to the extent appellee requests additional damages. In the motion, appellee requests damages under Rule 45 of the Texas Rules of Appellate Procedure for having to defend a frivolous appeal. Tex. R. App. P. 45 (After determining an appeal is frivolous, an appellate court may award the prevailing party "just damages."). Although Rule 45 does not provide a method for determining an amount of "just damages," courts exercising their discretion in awarding damages have generally relied on proof by testimony or affidavit. *See, e.g., Smith v. Marshall B. Brown, P.C.*, 51 S.W.3d 376, 381-82 (Tex. App.—Houston [1st Dist.] 2001, pet. denied); *see also Mocega v. Urquhart*, No. 01-04-00172-CV, 2005 WL 1365431, at*4 (Tex. App.—Houston [1st Dist.] June 9, 2005, no pet.); *Lloyd v. Whitmire*, No. 09-02-148 CV, 2003 WL 1738784, at *1 (Tex. App.—Beaumont April 3, 2003, no pet.) (Court is unwilling to simply guess at amount. Because appellee has provided no proof of damages, we decline to award appellee additional damages under Rule 45.

4