**Affirmed and Memorandum Opinion filed June 30, 2016.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-15-00543-CV

## DUKE REALTY LIMITED PARTNERSHIP AND HUFFMEISTER DEVELOPMENT, LLC, Appellants

## V.

## HARRIS COUNTY APPRAISAL DISTRICT, Appellee

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-58098**

## M E M O R A N D U M   O P I N I O N

This case involves a battle of the experts over the property tax valuation of commercial property. Appellants Duke Limited Partnership and Huffmeister Development, LLC challenge the trial court's judgment in favor of appellee Harris County Appraisal District. We affirm.

## *Background*

The subject property is approximately 62 acres located near a major intersection in Harris County, Texas. In May 2013, Duke purchased approximately 60 acres of the property, and Huffmeister purchased approximately 1.5 acres. The total sales price was approximately $14,000,000. Duke and Huffmeister protested the District's appraised values on the property for the tax years 2013 and 2014. The Harris County Appraisal Review Board made final valuation determinations of $8,925,700 for 2013 and $13,779,192 for 2014.[1]

Duke and Huffmeister filed suit against the District seeking judicial review of the Appraisal Review Board's determinations of value, arguing that the subject property was unequally appraised. During a bench trial, each side presented expert testimony. Duke and Huffmeister's expert, Delbert Kendall, valued the property at $4,788,532 in 2013 and $4,005,825 in 2014, while the District's expert, Wesley Ballou, valued the property at $12,321,769 in 2013 and $12,731,161 in 2014. The trial court rendered a take-nothing judgment against Duke and Huffmeister and entered findings of fact and conclusions of law.

## *Discussion*

Duke and Huffmeister present three issues challenging the sufficiency of the evidence in support of the trial court's findings.[2] Concluding that Duke and

---

[1] The District had appraised the property at $12,223,372 for 2013, which the Review Board reduced. The Review Board did not reduce the District's appraised valuation for 2014.

[2] In their first issue, involving "relief from unequal appraisal," Duke and Huffmeister do not point out any error allegedly committed by the trial court. However, they assert that the evidence presented by their expert "conclusively establish[es] that the [p]roperty's appraised values for 2013 and 2014 are unequal." This reflects the standard of review for legal sufficiency challenges, discussed below. In their second issue, Duke and Huffmeister contend that the trial court's findings of fact are mislabeled conclusions of law that we should review de novo. They do not articulate why we should treat the findings as conclusions or how doing so would change the outcome. Whether these statements are findings or conclusions does not change our review

Huffmeister failed to demonstrate that the evidence conclusively establishes that the subject property was unequally appraised in 2013 and 2014, we affirm.[3]

In a nonjury trial, findings of fact have the same force and dignity as a jury's verdict. *Green v. Alford*, 274 S.W.3d 5, 23 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). When a complete reporter's record is filed, as here, we may review the trial court's findings of fact for legal and factual sufficiency under the same standards we apply to jury verdicts.[4] *See id.*

**Waiver of Factual Sufficiency Challenge**. The District argues that Duke and Huffmeister have raised only a legal sufficiency challenge and not a factual sufficiency challenge. We agree.

Duke and Huffmeister refer to "factual sufficiency" only in the heading of their third issue.[5] They do not articulate the standard of review for a factual sufficiency challenge, cite any authority in support of an argument that the evidence is factually insufficient to support the trial court's judgment, or provide any analysis in support of such an argument. They argue only that there is "no evidence" to support the trial court's findings and that they have conclusively established their entitlement to relief. These statements reflect the standard of review for legal sufficiency challenges. *See First Transit, Inc. v. Alfaro*, No. 14-14-00063-CV, 2015 WL 1623064, at *3 (Tex. App.—Houston [14th Dist.] Apr. 7, 2015, pet. denied) (mem. op.) (noting that "[a] legal sufficiency or 'no evidence'

---

of the sufficiency of the evidence.

[3] Duke and Huffmeister's fourth issue, in which they seek attorney's fees, expenses, and costs, is contingent on our sustaining the sufficiency challenge. Because we do not, we do not reach the fourth issue.

[4] As discussed below, Duke and Huffmeister have waived their factual sufficiency challenge.

[5] The heading reads: "If Findings of Fact 1–9 are considered factual findings, they are not legally or factually sufficient to support the judgment."

challenge will be sustained" when, among other things, there is a complete absence of a vital fact or the evidence conclusively establishes the opposite of a vital fact).

Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint. *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing Tex. R. App. P. 38.1(i)). Because Duke and Huffmeister did not provide any discussion of the appropriate standard of review for factual sufficiency challenges, any citation of appropriate legal authority, or any analysis applying the appropriate legal authority to the facts, they have waived their factual sufficiency challenge to the trial court's findings. *See id*. We address only whether the findings are supported by legally sufficient evidence.

**Deference to Factfinder's Resolution of Conflicting Evidence**. Relying on article VIII, section 1 of the Texas Constitution and Tax Code section 42.26(a)(3), Duke and Huffmeister argue that the subject property was unequally appraised in 2013 and 2014.[6] Because Duke and Huffmeister attack the legal sufficiency of adverse findings on which they had the burden of proof, they must demonstrate that the evidence conclusively establishes all vital facts in support of the issue. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam); *see also WCW Int'l, Inc. v. Broussard*, No. 14-12-00940-CV, 2014 WL 2700892, at *3 (Tex. App.—Houston [14th Dist.] June 3, 2014, pet. denied) (substitute mem. op.). We indulge every reasonable presumption in favor of the findings and judgment of the trial court. *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 252 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). We credit favorable evidence if

---

[6] Duke and Huffmeister argue that only certain findings relate to Tax Code section 46.26(a)(3), "the sole basis for [their] claimed relief in this case." Because we conclude that legally sufficient evidence supports the trial court's finding that Duke and Huffmeister adduced insufficient evidence to show "any median appraised value for tax years 2013 and 2014," we need not address the trial court's other findings.

4

reasonable factfinders could, and disregard contrary evidence unless reasonable factfinders could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id*. Because this court is not a factfinder, we may not pass upon the witnesses' credibility or substitute our own judgment for that of the factfinder, even if the evidence would clearly support a different result. *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998). We will not disturb the trial court's findings if there is evidence of probative force to support them. *Kazmir v. Benavides*, 288 S.W.3d 557, 561 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

The Texas Constitution provides in relevant part that "[t]axation shall be equal and uniform" and "real property . . . shall be taxed in proportion to its value, which shall be ascertained as may be provided by law." Tex. Const. art. VIII, § 1(a)-(b). The portion of the Tax Code upon which Duke and Huffmeister rely reads as follows: "The district court shall grant relief on the ground that a property is appraised unequally if . . . the appraised value of the property exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted." Tex. Tax Code § 42.26(a)(3). Determining whether the appraised value of property "exceeds the median appraised value of a reasonable number of comparable properties appropriately adjusted" requires only a comparison of the appraised value of the property at issue with the median appraised value of "comparable properties adequately adjusted." *Harris Cnty. Appraisal Dist. v. United Inv'rs Realty Trust*, 47 S.W.3d 648, 653 (Tex. App.— Houston [14th Dist.] 2001, pet. denied) (construing former section 42.26(d) (current version at section 42.26(a)(3)). The appraisal expert identifies a reasonable number of comparable properties and then takes the appraised value of those properties from the public record and appropriately adjusts them to the subject

5

property. *In re MHCB (USA) Leasing & Fin. Corp.,* No. 01–06–00075–CV, 2006 WL 1098922, at *3 (Tex. App.—Houston [1st Dist.] Apr. 27, 2006, orig. proceeding) (mem. op.). The comparable properties are adjusted according to factors that tend to influence value, such as location, age, depreciation, physical characteristics of the property, and "economic factors." *Harris Cnty. Appraisal Dist. v. Houston 8th Wonder Prop., L.P.*, 395 S.W.3d 245, 254-55 (Tex. App.— Houston [1st Dist.] 2012, pet. denied); *United Inv'rs Realty Trust,* 47 S.W.3d at 650 n.4. Finally, the appropriately adjusted comparable properties are arrayed, and a median is determined. *Houston 8th Wonder Prop.*, 395 S.W.3d at 254-55.

The parties dispute what types of comparable properties should have been used to determine whether the subject property was appraised unequally. Duke and Huffmeister's expert, Kendall, used comparable properties similar in size to the subject property located near or adjacent to major highways and freeways in the northwest quadrant of Harris County. The District's expert, Ballou, used comparable properties in the immediate geographical area of the subject property. The trial court found that Duke and Huffmeister did not adduce sufficient, credible or relevant evidence relating to any median appraised value for tax years 2013 and 2014. Duke and Huffmeister argue that, because Kendall's methodology complied with the Tax Code, they conclusively established the subject property was unequally appraised.

The trial court, as factfinder, was entitled to make credibility determinations and weigh the competing expert testimony and the variables and assumptions upon which that testimony was based. *See Hedgepeth v. Diamond Offshore Drilling, Inc.*, No. 01-12-01156-CV, 2013 WL 6097798, at *5 (Tex. App.—Houston [1st Dist.] Nov. 19, 2013, no pet.) (mem. op.). In so doing, the trial court was entitled to "disregard even uncontradicted and unimpeached testimony from disinterested

witnesses," so long as the decision to disregard was reasonable. *City of Keller*, 168 S.W.3d at 820. Accordingly, the trial court was entitled to believe the testimony of one expert and disbelieve the testimony of the other and to resolve any inconsistencies in their testimony. *Key Operating & Equip., Inc. v. Hegar*, 403 S.W.3d 318, 336 (Tex. App.—Houston [1st Dist.] 2013), *rev'd on other grounds*, 435 S.W.3d 794 (Tex. 2014). The trial court chose to credit Ballou's testimony over the contradictory testimony of Kendall. We must defer to the trial court's resolution of this issue, unless we conclude that its decision to disregard Kendall's testimony was unreasonable. *See id*.; *see also City of Keller*, 168 S.W.3d at 820.

Kendall identified eleven comparable properties for 2013 and nine for 2014. Kendall did not restrict his search for comparable properties to properties within the same area as the subject property, but he did limit his search to properties with the same land-use code for commercial vacant property.[7] He also chose properties that he deemed to have "similar characteristics" to the subject property. He testified that size is more important than location when selecting comparable properties because properties of similar size would have similar uses. Larger properties, such as the subject piece of undeveloped property, would have "a longer extended development period" than smaller properties.

Kendall made adjustments to the selected comparable properties' appraised values according to their size, location, plottage, and utilities. Kendall assigned categories to the comparable properties as "inferior," "slightly inferior," "very inferior," "similar," or "slightly superior." Percentage adjustments ranged from minus 20 percent up to 100 percent. Kendall took the adjusted appraised values of the comparable properties and divided them by square footage to obtain a value per square foot of each comparable property. Based on these numbers, he opined that

---

[7] The District classifies types of property by land-use codes.

the equal and uniform value of the subject property was $4,788,532 for 2013 and $4,005,825 for 2014.

Ballou testified that location was a more appropriate factor than size to choose comparable properties under the circumstances of this case. He analyzed comparable properties in the same area of the subject property and adjusted their values by taking into consideration any restrictions or enhancements that would affect their value. He adjusted for size to get a dollar per square foot calculation. Applying the median valued per square foot to the square footage of the subject property, Ballou opined that the equal and uniform value of the subject property was $12,321,769 for 2013 and $12,731,161 for 2014.

Duke and Huffmeister have not challenged the reliability of Ballou's expert testimony under Texas Rule of Evidence 702 on appeal and apparently did not do so below.[8] They argue that "Ballou's testimony plainly demonstrates that he failed to follow generally accepted appraisal principles in performing his analysis." However, they provide no record citations or citations to authority to support this argument and thus have waived their complaint on appeal. *See Canton-Carter*, 271 S.W.3d at 931. They cite Ballou's testimony, but they do not demonstrate how such testimony shows that Ballou failed to follow "generally accepted appraisal principles" other than to complain generally that Ballou did not make certain adjustments to the comparable properties.[9]

---

[8] Under Rule 702, expert testimony must be relevant and reliable. Tex. R. Evid. 702; *see Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 727 (Tex. 1998). To preserve error on a complaint that expert testimony is not reliable, the proponent must object to expert testimony before trial or when evidence is offered and obtain a ruling. *GTE Mobilnet of S. Tex. Ltd. P'ship v. Pascouet*, 61 S.W.3d 599, 613 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

[9] Duke and Huffmeister also argue for the first time in their reply brief that the District cannot seek a judgment based on a higher appraised value than that raised in their pleadings. It is well settled under Rule of Appellate Procedure 38.3 that an appellant cannot raise a new issue in

Although Duke and Huffmeister presented evidence that conflicted with the District's, the factfinder's resolution of conflicting evidence is generally regarded as conclusive. *See Morton Int'l v. Gillespie,* 39 S.W.3d 651, 657 (Tex. App.—Texarkana 2001, pet. denied). Based on the above evidence, we cannot conclude that the trial court's decision to credit Ballou's testimony over the contradictory testimony of Kendall was unreasonable. *See City of Keller*, 168 S.W.3d at 820. Reviewing the evidence in the light most favorable to the challenged finding and indulging every reasonable inference that would support it, we conclude the trial court reasonably could find that Duke and Huffmeister did not establish that the subject property was unequally appraised in 2013 and 2014. We overrule Duke and Huffmeister's legal sufficiency challenge.

We affirm the judgment of the trial court.

/s/    Martha Hill Jamison
Justice

Panel consists of Justices Jamison, Donovan, and Brown.

---

a reply brief in response to a matter pointed out in the appellee's brief. *State Farm Lloyds v. Fuentes*, No. 14-14-00824-CV, 2016 WL 1389831, at *5 (Tex. App.—Houston [14th Dist.] Apr. 7, 2016, no. pet. h.) (mem. op.); *see* Tex. R. App. P. 38.1(f) (requiring appellant's brief to state "all issues or points presented for review"), 38.3). Moreover, the trial court's judgment merely reflects a take-nothing judgment against Duke and Huffmeister. It does not reflect an appraised value.