**Dismissed and Opinion Filed August 7, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00131-CV

### TSP OPERATIONS, LLC D/B/A THE STANDARD POUR, Appellant
### V.
### WELLS FARGO BANK, N.A., Appellee

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-16-04243-A**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Francis, and Justice Stoddart
Opinion by Chief Justice Wright

Appellant has appealed the trial court's order dismissing its garnishment lawsuit. After appellant filed its brief, we notified appellant by letter dated May 26, 2017, that the brief was deficient and instructed appellant to file a corrected brief that complied with Rule 38 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1. We warned appellant that this appeal may be dismissed for failure to file a corrected brief within ten days. To date, appellant has not filed a corrected brief.

The Texas Rules of Appellate Procedure have unambiguous requirements for briefing. TEX. R. APP. P. 38. Under the rules, an appellant is required to state concisely the complaint, provide comprehensible, concise, and clear argument for why the complaint is rooted in fact and in law, and cite and apply applicable law to the complaint being made along with record

references that are appropriate. TEX. R. APP. P. 38.1(f), (h), and (i); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 896 (Tex. App.—Dallas 2010, no pet.). Only when we are provided with proper briefing may we discharge our responsibility to review the appeal and make a decision that disposes of the appeal one way or the other. We are not responsible for identifying possible trial court error. *See Canton–Carter v. Baylor College of Medicine*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We have neither the duty nor the right to perform an independent review of the record for facts favorable to a party's position. *See Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994); *Strange v. Continental Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied). Nor are we responsible for doing the legal research that might support a party's contentions. *See Canton–Carter*, 271 S.W.3d at 931–32. This requirement is not fulfilled by simply making brief conclusory statements unsupported by legal authority. *See Valadez v. Avita*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.); *Bolling*, 315 S.W.3d at 896. Were we to do so, we would be abandoning our role as judges and become an advocate for that party. *Bolling*, 315 S.W.3d at 895.

When deciding whether an appellant's brief is deficient, we do not adhere to any rigid rule about the form of a brief. We do, however, examine every brief closely for compliance with prescribed briefing rules, including specifically, Rule 38.1. TEX. R. APP. P. 38.1. If we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. If we cannot, we may dismiss the appeal as we are authorized to do. TEX. R. APP. P. 42.3; *Bolling*, 315 S.W.3d at 895–96. In this case, we conclude that appellant, although given the opportunity, has failed to comply with our briefing rules.

Here, appellant's brief fails to contain a table of contents that indicates the subject matter of its issue. TEX. R. APP. P. 38.1(b). It also fails to contain an index of authority arranged

alphabetically indicating the pages of the brief where the authorities are cited and a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record references. TEX. R. APP. P. 38.1(c) and (d). Additionally, the brief does not contain a concise statement of the facts supported by record references and the argument does not contain appropriate citations to either authorities or the record. TEX. R. APP. P. 38.1(g) and (i). Finally, the brief fails to include an appendix that contains the trial court's judgment, the trial court's findings of fact and conclusions of law, if any, the text of any rule, regulation, ordinance, statute, constitutional provision, or other law (excluding case law) on which the argument is based, and the text of any contract or other document that is central to the argument. TEX. R. APP. P. 38.1(k)(1)(a), (b) and (c). Without adequate briefing, especially the lack of support by reference to the record and authorities, appellant is not entitled to judicial review. *See* TEX. R. APP. P. 38.1(g), (i); *Bolling*, 315 S.W.3d at 895–96.

Because appellant was given the opportunity to file an amended brief but has failed to do so, we dismiss this appeal. *See* TEX. R. APP. P. 42.3(c).

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

170131F.P05

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TSP OPERATIONS, LLC D/B/A THE
STANDARD POUR, Appellant

No. 05-17-00131-CV     V.

WELLS FARGO BANK, N.A., Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-16-04243-A.
Opinion delivered by Chief Justice Wright.
Justices Francis and Stoddart participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee Wells Fargo Bank, N.A. recover its costs of this appeal from appellant TSP Operations, LLC d/b/a The Standard Pour.

Judgment entered August 7, 2017.