**Affirmed and Memorandum Opinion filed February 22, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-22-00886-CV

**MARY RUFFIN, Appellant**

**V.**

**MARK HENRY, Appellee**

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1187565**

## MEMORANDUM OPINION

Appellant Mary Ruffin appeals the lower court's dismissal of her health care liability claim. We affirm.

### Background

Ruffin received medical treatment to her left hand and wrist from appellee Mark Henry, who is a doctor specializing in hand and wrist care. Ruffin later sued Henry in Harris County justice court, alleging medical malpractice, which is a

health care liability claim governed by the Texas Medical Liability Act. *See generally* Tex. Civ. Prac. & Rem. Code ch. 74.

Attorney Timothy Hootman initially represented Henry. Henry later notified the court that Hootman was withdrawing as counsel and two other attorneys, Cris Feldman and Kimberly Dang, were substituting as counsel of record for Henry.

Henry moved to dismiss Ruffin's suit for failure to serve an expert report. *See id.* § 74.351(b). The justice of the peace granted the motion and dismissed Ruffin's claims with prejudice. *See id.* § 74.351(b)(2). Ruffin appealed the dismissal order to a county civil court at law. *See id.* § 51.001(a) (party to a final judgment in justice court may appeal to the county court).

Ruffin's appeal was initially docketed in County Civil Court at Law No. 3. Ruffin moved to recuse the judge of Court No. 3, and the judge voluntarily recused. The division presiding judge then transferred Ruffin's appeal to County Civil Court of Law No. 2.

A case on appeal from a justice court is tried de novo in the county or district court. *See* Tex. R. Civ. P. 506.3. In county court, Henry again moved to dismiss Ruffin's suit based on her failure to file an expert report. He also sought attorney's fees incurred in association with the motions to dismiss. The county court dismissed Ruffin's claims with prejudice and ordered that Ruffin pay Henry attorney's fees.

Ruffin filed a further appeal in this court.

## Analysis

Ruffin, an unrepresented party, raises seven issues, many of which are not supported by any discernable argument or citation to applicable legal authority or

2

to the record.[1]  As a pro se litigant, Ruffin is held to the same standards as a licensed attorney and must comply with all applicable rules of procedure.  *See Harrison v. Reiner*, 607 S.W.3d 450, 457 (Tex. App.—Houston [14th Dist.] 2020, pet. denied).  A pro se litigant must properly present her case on appeal; if this were not the rule, pro se litigants would benefit from an unfair advantage over those parties represented by counsel.  *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  We do not apply different standards simply because a case is presented by a pro se litigant.  *Id.*  Nonetheless, we construe her brief liberally to reach her appellate issues on the merits when possible.  *Id.*  We remain mindful of these standards as we address Ruffin's issues.

*In her first issue,* Ruffin challenges the jurisdiction of the lower courts.  Ruffin filed a small claims petition in the Justice Court of Harris County, alleging that she had suffered injuries as a result of Henry's negligence.  Ruffin sought $20,000 in damages, which is within the jurisdictional limits of the justice court.  Tex. Gov't Code § 27.031(a)(1) ("In addition to the jurisdiction and powers provided by the constitution and other law, the justice court has original jurisdiction of . . . civil matters in which exclusive jurisdiction is not in the district or county court and in which the amount in controversy is not more than $20,000, exclusive of interest.").  The justice court had jurisdiction over Ruffin's claims.

A case on appeal from a justice court is tried de novo in the county or district court.  *See* Tex. R. Civ. P. 506.3; *Abbott v. Hearthwood I Ass'n, Inc.*, No. 14-18-00333-CV, 2020 WL 1026443, at *2, (Tex. App.—Houston [14th Dist.] Mar. 3, 2020, no pet.) (mem. op.).  To invoke the county court's appellate jurisdiction, Ruffin was required to file a bond, cash deposit, or statement of

---

[1] In an appendix, we quote Ruffin's issues verbatim from her appellate brief.

3

inability to pay court costs in the justice court within twenty-one days after the dismissal order. Tex. R. Civ. P. 506.1(a). The justice court's dismissal order was signed May 18, 2022; Ruffin timely filed a cash deposit on June 6, 2022. The county court had jurisdiction over Ruffin's appeal.

We overrule Ruffin's first issue.

*In her second issue,* Ruffin argues that the transfer (from County Civil Court No. 3 to County Civil Court No. 2) was improper because the order of transfer lacked a requisite signature.

The transfer order was signed both by the division presiding judge and the judge of County Court No. 3. The local rules for the Harris County Civil Courts at Law provide that "[a]ny case may be transferred from court to another court by written order of the Administrative Judge of the County Civil Courts at Law division . . . ." *See* Local R. 3.2.5. Ruffin does not direct us to any authority requiring any signatures other those reflected in the record. We overrule Ruffin's second issue.

*In her third issue,* Ruffin contends that Henry's substitute counsel, Feldman and Dang, had no authority because the justice court judge did not sign an order permitting Hootman's withdrawal. Rule 8 of the Rules of Civil Procedure governs the designation of an attorney-in-charge. An attorney-in-charge may be changed by filing a written notice with service to other parties. Tex. R. Civ. P. 8. The rule does not expressly require a motion or that an order be signed. The motion to substitute counsel expressly states that Hootman would withdraw, and that Feldman and Dang would represent Henry going forward. Thereafter, Feldman and Dang filed numerous documents and appeared before the court on Henry's behalf. We conclude the motion to substitute counsel, which was not ruled upon by the court, satisfies the requirement of written notice. *See Block v. Providian*

4

*Nat'l Bank*, No. 05-03-00734-CV, 2004 WL 1551485, at *3 (Tex. App.—Dallas July 12, 2004, pet. denied) (mem. op.).  We overrule Ruffin's third issue.

*In her fourth and fifth issues,* Ruffin argues that the trial court erred in awarding Henry his attorney's fees.  A defendant who successfully moves to dismiss a plaintiff's health care liability claim is statutorily entitled to his attorney's fees.  *See* Tex. Civ. Prac. & Rem. Code § 74.351(b)(1).  We overrule Ruffin's fourth and fifth issues.

*In her sixth issue,* Ruffin alleges that the county court clerk violated Texas Rule of Civil Procedure 145.  Rule 145 provides:

> A party who files a Statement of Inability to Afford Payment of Court Costs cannot be required to pay costs except by order of the court as provided by this rule.  After the Statement is filed, the clerk must docket the case, issue citation, and provide any other service that is ordinarily provided to a party.  The Statement must either be sworn to before a notary or made under penalty of perjury.  In this rule, "declarant" means the party filing the Statement.

Tex. R. Civ. P. 145(a).

A declarant under this rule must use a form approved by the Supreme Court and made available free of charge by court clerks or, alternatively, include in the statement all information required by the Court-approved form.  Tex. R. Civ. P. 145(b).  The only ground for refusing to file a rule 145 statement is if is "not sworn to before a notary or made under penalty of perjury."  Tex. R. Civ. P. 145(d).  "No other defect is a ground for refusing to file a Statement or requiring the party to pay costs."  *Id.*  Instead, if a defect or omission in a rule 145 statement is material, the court may direct the declarant to correct or clarify the statement.  *Id.*

As best we can tell from Ruffin's brief, she argues that she attempted to file a statement of inability to pay costs but the clerk allegedly refused to file it.

However, the record shows that the clerk for the county court certified, "Clerk's record fee of $869.00 was waived do [sic] to Plaintiff Mary Ruffin's Affidavit of Inability filed with Harris County Civil Courts on November 11, 2022." We overrule Ruffin's sixth issue.

*In her seventh issue,* Ruffin argues that she was denied due process of law because the case was docketed in the "wrong court." We do not see any support in the record that the case was docketed in the wrong court at any stage of these proceedings. Rather, the record shows that, after Ruffin moved to recuse the judge of County Civil Court No. 3, the administrative judge transferred the case to County Civil Court No. 2. We overrule Ruffin's seventh and final issue.

### Submission on Briefs

When she filed her appellant's brief, Ruffin requested oral argument, as was her right. Tex. R. App. P. 39.1. Because the issues are authoritatively settled, however, the panel denied oral argument and voted to submit the case on the briefing. *Id.* Ruffin moved for reconsideration, which the court denied. Ruffin then filed a "Response to the Court Refusal to Allow an Oral Hearing." This filing consists of little more than personal attacks and conclusory allegations of wrongdoing by this court, the trial judge, the county clerk, and opposing counsel.

A line exists between zealous advocacy and inappropriate conduct. Though appellant is not a lawyer and is unrepresented by a lawyer in this case, she should know the boundaries of respectful behavior. Non-lawyer litigants are expected to acquit themselves in a manner befitting the dignity of the public forum in which they appear and are encouraged to participate. *See Gleason v. Isbell*, 145 S.W.3d 354, 355-61 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (Frost, J., concurring and dissenting) (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85

(Tex. 1978) (stating that "[t]he right of self-representation is not a license to abuse the dignity of the courtroom")).

## Conclusion

We affirm the judgment of Harris County Civil Court at Law No. 2.


/s/    Kevin Jewell
Justice


Panel consists of Justices Jewell, Zimmerer, and Wilson.

7

## Appendix

### Statement of Issues

**Issue Number 1:** Did the trial court have jurisdiction of the subject matter in which the case was Dismissed?

**Issue Number 2:** Since the trial court transfer must be with agreement of an written signature without the signature is anything ruled on by the Trial Judge valid?

**Issue Number 3:** Did Cris Feldman and Kimberly Dang have rights according to the Rules that govern the court's to file any documents in reference to this litigation?

**Issue Number 4:** Did the trial court have jurisdiction to grant attorney fees for the countless hours, wasted money, and resources occurring in the Justice of Peace Court that was not appealed?

**Issue Number 5:** Did the trial court have jurisdiction to grant any Attorney Fees?

**Issue Number 6:** Did the clerks failed to obey Tex. R. Civ. P. 145?

**Issue Number 7:** Did the failure of the court to put the case in the correct court deny due process?