# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-24-00349-CV

---

**Shawn Elizabeth Ann Bashelor, Appellant**

**v.**

**Discover Bank, Appellee**

---

### FROM THE COUNTY COURT OF WILLIAMSON COUNTY
### NO. 23-0418-CC5, THE HONORABLE WILL WARD, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Shawn Elizabeth Ann Bashelor, appearing pro se, appeals the trial court's final summary judgment granted in favor of Discover Bank (Discover) on its claim for breach of contract for delinquent payments on her credit card. Bashelor requests reversal based on her claimed payment of the full amount and her complaints that, among other things, a business-records affidavit contained hearsay, and the signed application was not produced. Because Discover conclusively established its entitlement to judgment as a matter of law and Bashelor does not show any genuine issue of material fact remains, we will affirm the summary judgment.

### BACKGROUND

Undisputed summary-judgment evidence shows that Discover issued a credit card to Bashelor in 2020, and that she incurred charges on the account. Discover sued Bashelor in

2023 for breach of contract, alleging her default by failing to make required monthly payments and seeking the $10,880.96 outstanding balance that it alleged Bashelor owed, plus post-judgment interest, and court costs of $441.85. Bashelor answered by filing a letter directed to Discover's chief executive officer.

Almost one year after suing Bashelor, Discover moved for traditional summary judgment on its breach-of-contract claim and attached evidence that we will discuss in further detail. *See* Tex. R. Civ. P. 166a(c).[1] Bashelor filed no response. During the summary-judgment hearing, Bashelor argued that she completed an online application and "did [her] signature"; she was unable to get a copy of the contract with her signature on it; she "got behind" on her payments; she filed certain forms with the IRS and submitted a money order "for the full amount of $10,358.39" that was cashed; and she "paid to [her] trust."[2] The trial court took a brief recess for the parties to discuss the case. When the hearing resumed, Discover's counsel stated:

> Your Honor, it appears that Ms. Bashelor is not interested in discussing any further payment as she . . . is stating that she already made payments that we have never received. She is stating that they were made to the IRS, treasury, whoever. We have no connection with either of those sources in terms of payment or

---

[1] The Texas Supreme Court amended Texas Rule of Civil Procedure 166a, but "[o]ther than the deadline changes, Rule 166a's rewrite is not intended to substantively change the law." 89 Tex. B.J. 286, 292 (2026). The amendments renumbered the rule's provisions. *Id.* at 289-292. Because the amendments apply only to summary-judgment motions filed on or after March 1, 2026, *id.* at 286, and the filing of Discover's summary-judgment motion preceded the amendments, we refer to the provisions of Rule 166a in effect at the time.

[2] Bashelor did not state who the alleged money order was made payable to, when it was allegedly sent, why that alleged amount was listed, and what relevance any "trust" payment had to her debt. Even if these things were explained, her unsworn statements were not evidence. Tex. R. Civ. P. 166a(c) ("No oral testimony shall be received at the hearing."); *see Blackstock Fed. Constructors, LLC v. Ultimate Grp., LLP*, No. 06-17-00096-CV, 2018 WL 891249, at *3 n.4 (Tex. App.—Texarkana Feb. 15, 2018, no pet.) (mem. op.) (counsel's unsworn statements during summary-judgment hearing are not evidence).

money . . . . And no payments have been made on the account, and no answer has been filed to our motion for summary judgment.

The trial court signed a final summary judgment at the end of the hearing, awarding $10,880.96 to Discover on its breach-of-contract claim against Bashelor, plus post-judgment interest at the current statutory rate, and costs of $441.85. Bashelor did not file any post-judgment motion. *See* Tex. R. Civ. P. 329b. This appeal followed.

## DISCUSSION

### *No issue alleging trial-court error*

The rules of appellate procedure require an appellant's brief to include the issues presented and concisely state all issues or points presented for review. Tex. R. App. P. 38.1(f). An issue presented for appellate review is sufficient if it directs the reviewing court's attention to the error about which the complaint is made. *See id.*; *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.). None of the issues in Bashelor's brief allege any trial-court error, nor do they challenge Discover's breach-of-contract claim.[3]

In addition to requiring identification of any alleged trial-court error, the rules of appellate procedure require an appellant's brief to contain a clear and concise argument for the contentions made and include appropriate citations to legal authority and the appellate record. *See* Tex. R. App. P. 38.1(i). Bashelor's brief contains no citation to the record. And her brief

---

[3] Bashelor's list of nineteen "Issues Presented" are questions directed to Discover's counsel. Issues 1-6 ask whether Discover's counsel has a contract with her and what "personal knowledge" counsel has about Discover's actions. Issue 7 asks whether the "alleged agreement" involved a loan. Issues 8-10 and 14-16 ask how credit cards are funded and function. Issue 11 asks whether Discover "record[ed] an asset showing that [she] owes money" to Discover. Lastly, issues 12-13 and 17-19 ask whether Discover follows generally accepted accounting principles and Federal Reserve policies and whether those were violated.

and attached affidavit reference only statutes and regulations that are irrelevant to a breach-of-contract claim for an unpaid credit-card account.[4]  Bashelor's purported appellate issues are inadequately briefed.  *See id.* R. 38.1(f), (i).  Her only complaints concerning the credit-card debt are that Discover's summary-judgment evidence relied on an affidavit containing hearsay; that there was a lack of response to her request to inspect the original, signed application; that she made a money-order payment to the IRS; and that Discover's counsel could not properly serve as a debt collector.

Bashelor is not treated differently as a pro se litigant but is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure. *See Litsinger v. Litsinger*, No. 03-25-00106-CV, 2025 WL 3533270, at *1 (Tex. App.—Austin Dec. 10, 2025, no pet.) (mem. op.).  Nevertheless, when a plaintiff moves for summary judgment on its own claim, as Discover did here, it must conclusively establish each element of that claim. Tex. R. Civ. P. 166a(c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).  Because summary judgments must stand on their own merits, a trial court may not grant a plaintiff's

---

[4] Bashelor points to sections of the United States Code and the Uniform Commercial Code that concern bank reporting, government debt, credit unions, sale-of-goods transactions, and negotiable instruments—not credit cards.  *See* 12 U.S.C.A. § 1831n(a) (concerning reports that federally insured depository institutions must file with federal banking agencies); 31 U.S.C.S. § 3123 (discussing United States government's financial obligations and Treasury Secretary's responsibility to pay interest on such "public debt"); 12 C.F.R. § 741.0 (stating that regulations in part 741 of code apply to federal credit unions); Tex. Bus. & Com. Code §§ 2.102 (stating that Texas UCC chapter 2 applies to transactions involving sale of goods), 3.102 (stating that Texas UCC chapter 3 applies to negotiable instruments), 3.104 (stating that negotiable instruments include checks, notes, drafts, and certificates of deposit).  Neither the credit card contract nor the liabilities that arise between the card issuer and the cardholder is a "sale of goods," even though the credit card is used in connection with a sale of goods.  4B Lary Lawrence, *Lawrence's Anderson on the Uniform Commercial Code* § 2-275:34 (3d. ed. 2025). Credit cards do not purport to be things of value and are not given in payment for goods or merchandise but are only a written indication that the named owner is entitled to buy on credit. 5A *Lawrence's Anderson on the Uniform Commercial Code* § 3-104:29.  Likewise, credit card sales slips are not "negotiable instruments" as defined in UCC chapter 3.  *Id.*

summary-judgment motion by default based on the defendant's failure to file a response. *Hinojosa Auto Body & Paint, Inc. v. FinishMaster, Inc.*, No. 03-08-00361-CV, 2008 WL 5210871, at *7 (Tex. App.—Austin Dec. 12, 2008, no pet.) (mem. op.). In this instance, rather than striking Bashelor's brief and dismissing the cause, we construe her brief as presenting a single issue: whether the summary-judgment evidence was legally sufficient to establish all elements of Discover's breach-of-contract claim as a matter of law.

### Summary judgment on breach-of-contract claim

We review summary-judgment rulings de novo, viewing the evidence in the light most favorable to the nonmovant, crediting evidence favorable to that party if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022). When a party with the burden of proof moves for traditional summary judgment, that party bears the burden to conclusively establish its entitlement to judgment as a matter of law, notwithstanding the nonmovant's response or lack thereof. *B.C. v. Steak N Shake Operations, Inc.*, 598 S.W.3d 256, 258-59 (Tex. 2020) (citing Tex. R. Civ. P. 166a(c)). A matter is conclusively established when reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). When the trial court does not specify the grounds for its ruling, we will affirm the summary judgment if any of the grounds on which judgment is sought are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

Summary judgment is proper in a breach-of-contract suit seeking recovery on a credit-card-account debt when the plaintiff establishes: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the

5

defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Taylor v. Discover Bank*, No. 03-17-00677-CV, 2018 WL 4016611, at *3 (Tex. App.—Austin Aug. 23, 2018, no pet.) (mem. op.) (citing *Winchek v. American Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.)).

Bashelor complains generally about "things that were written in an alleged hearsay affidavit," which we construe as a challenge to the summary-judgment evidence. That complaint would implicate only an alleged defect in form, and she failed to preserve that complaint by not objecting to the affidavit in writing before the trial court. *See* Tex. R. Civ. P. 166a(f) (stating that defects in form of affidavits will not be grounds for reversal unless specifically pointed out by objection); Tex. R. App. P. 33.1(a) (requiring objection and ruling for error preservation).

Second, Bashelor complains about Discover's lack of response to her request to "inspect the original application I signed front and back" and "to see the signature." This complaint shows that Bashelor does not deny signing the credit-card application. But even if she did deny signing it, the Cardmember Agreement attached to the business-records affidavit included in the summary-judgment evidence specifies that by using the credit card that Discover issued to her, she accepted the agreement. And in the absence of any evidence from Bashelor showing that she did not use the card when she accrued an outstanding balance, or any other facts showing non-acceptance, Discover's evidence demonstrates that she accepted Discover's offer of credit and the terms of the Cardmember Agreement. *See Taylor*, 2018 WL 4016611, at *3 (noting that cardmember agreement explicitly stated that by using credit card, cardholder accepted cardmember agreement, and statements in summary-judgment evidence showed that Taylor had used her card).

Lastly, Bashelor complains that she made a money-order payment and contends that Discover's counsel could not properly serve as a debt collector. She alleges that she "did a lawful tender with value and consideration with instructions [on] how to handle the money order," that she submitted IRS paperwork, and that she considers Discover in "breach of contract of their duties." She also asks, "Who is the Holder in Due Course, where is the Validation of the debt[,] and where is the attorney's certificate to do business as a debt collector in the STATE OF TEXAS from the Secretary of [ ] State's office?" But Bashelor did not file a summary-judgment response nor did she file any counterclaims. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."); *Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Thus, she failed to preserve for review her complaints raised for the first time here. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (stating that nonmovant must expressly present to trial court any reasons for avoiding movant's right to summary judgment).

Discover's uncontroverted evidence conclusively established its entitlement to summary judgment as a matter of law. *See Taylor*, 2018 WL 4016611, at *4; *Winchek*, 232 S.W.3d at 206. In support of its summary-judgment motion, Discover presented a business-records affidavit from Maranda Harris. Harris averred that she is a litigation support coordinator for Discover Products, Inc., a Discover servicing affiliate that, among other things, maintains Discover card account records. *See* Tex. R. Evid. 902(10)(B). Harris also averred that exhibits attached to her affidavit included true and accurate copies of the terms and conditions in the Cardmember Agreement applicable to Bashelor's account and the last periodic statement that

7

Discover Products, Inc. sent to Bashelor. Harris further averred that Bashelor's account is in default for nonpayment of the amounts due and owing to Discover.[5]

The Cardmember Agreement specifies that the agreement is accepted if the cardmember does not cancel the account within thirty days after receiving a card and if the cardmember uses the account. Further, the Cardmember Agreement states that the cardmember must pay for all amounts due on the account; that each billing period the cardmember must pay at least the minimum payment by the due date shown on the billing statement; that a late fee would be charged the second time that the minimum payment was not timely made; that interest charges are imposed until the total amount owed is paid; that the cardmember is in default if the cardmember fails to make a required payment when due; and that if the cardmember is in default, the entire balance of the account may be declared immediately due and payable.

The last periodic statement, which was sent to Bashelor at the address where she was later successfully served with citation and Discover's petition, shows that Bashelor used the card for purchases, that her unpaid balance included interest and late fees calculated and assessed in accordance with the Cardmember Agreement, and that as of December 2022, Bashelor owed Discover $10,880.96. Thus, Discover established as a matter of law that a contract existed and that it performed under the contract. *See Taylor*, 2018 WL 4016611, at *3. Discover also established as a matter of law that the contract was breached and that Discover sustained damages from the breach: the summary-judgment evidence showed that Bashelor had an unpaid account balance of $10,880.96 incurred after her acceptance and use of the credit card. Once Discover established its breach-of-contract claim as a matter of law, the burden shifted to

---

[5] Harris also averred that according to the United States Department of Defense's records, Bashelor is not engaged in any of the United States military services.

Bashelor to bring forward summary-judgment evidence sufficient to raise a fact issue. *See Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 252 (Tex. 2023). But Bashelor did not file a response to the summary-judgment motion. And her arguments at the summary-judgment hearing were not evidence.

In her brief on appeal, Bashelor makes requests for injunctive relief and damages and incorporates an affidavit that was not presented to the trial court. We may not consider them. When a nonmovant fails to file a response to a traditional motion for summary judgment but on appeal contends that summary judgment was improper, the only issue the reviewing court may consider on appeal is whether the grounds expressly presented to the trial court in the movant's motion are sufficient as a matter of law to support the summary judgment. *Barrientos v. Barrientos*, 675 S.W.3d 399, 413–14 (Tex. App.—Eastland 2023, pet. denied); *Geister v. Discover Bank*, No. 03-15-00471-CV, 2016 WL 1756489, at *3 (Tex. App.—Austin Apr. 27, 2016, no pet.) (mem. op.) (concluding that party who failed to file response in trial court could not rely on claims or defenses raised for first time on appeal to challenge summary judgment).

Because Discover's uncontroverted evidence conclusively established its entitlement to summary judgment as a matter of law on its breach-of-contract claim, the trial court did not err by granting the summary judgment. *See Taylor*, 2018 WL 4016611, at *4; *Winchek*, 232 S.W.3d at 206.

## CONCLUSION

We affirm the trial court's final summary judgment.

_____

Darlene Byrne, Chief Justice

9

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed:   May 21, 2026